**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FILED
MAY 0 1 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Revised 07/07 WDNY

_STACEY   MIRINAVICLENE_

_____

Name(s) of Plaintiff or Plaintiffs

Jury Trial Demanded: Yes __X__ No____

-vs-

_KEUKA COLLEGE_
_AMY STOREY BRADLEY FUSTER_
_COLLEEN BERTRAND, ANNE TUTTLE, ED SILVERMAN,_
_, KEUKA COLLEGE BOARD_

Name of Defendant or Defendants
_OF TRUSTEES_

**DISCRIMINATION COMPLAINT**

__23__-CV-__6233 FPG__

You should attach a copy of your **original Equal Employment Opportunity Commission
(EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND**
a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint.  Failure to do
so may delay your case.

***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity
Commission can be considered by the federal district court under the federal
employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that
apply)*:

__X__   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17
(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race,
color, gender, religion, national origin).
   **NOTE**:  In order to bring suit in federal district court under Title
   VII, you **must first obtain a right to sue letter** from the Equal
   Employment Opportunity Commission.

__X__   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634
(amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of
1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE**:  In order to bring suit in federal district court under the Age
   Discrimination in Employment Act, you **must first file charges** with the
   Equal Employment Opportunity Commission.

__X__   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117
(amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE:**  In order to bring suit in federal district court under the Americans
   with Disabilities Act, you **must first obtain a right to sue letter** from the
   Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the
aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be
appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of
1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

___X___          New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.      My address is:  114 - 116 MAIN STREET
         PENN YAN , NY 14527

         My telephone number is:  516 - 835 - 3357

2.      The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

         Name:  AAUP

         Number of employees: _____

         Address: 141 CENTRAL AVE
         KEUKA PARK, NY 14478

3.      (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked.  (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

         Name:  N/A

         Address:  N/A

## CLAIMS

4.      I was first employed by the defendant on (date):  SPRING 2014

5.    As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
      02/2022

6.    As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any
      did): _____
      SAME
      _____

7.    I believe that the defendant(s)

      a. __X___    Are still committing these acts against me.
      b. _____    Are not still committing these acts against me.
      (Complete this next item **only** if you checked "b" above)   The last discriminatory act
      against me occurred on (date) 02/07/2022
      _____

8.    (Complete this section **only** if you filed a complaint with the New York State Division of
      Human Rights)

      The date when I filed a complaint with the New York State Division of Human Rights is

      _____
      _ (estimate the date, if necessary)

      I filed that complaint in (identify the city and state): _____

      _____

      The Complaint Number was: _____

9.    The New York State Human Rights Commission did _____ /did not _____
      issue a decision.  (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the
      decision to **each** copy of the complaint; failure to do so will delay the initiation of your
      case.)

10.   The date (if necessary, estimate the date as accurately as possible) I filed charges with the
      Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
      discriminatory conduct is: MAY 13, 2022

11.   The Equal Employment Opportunity Commission did ISSUE /did not
      _____ issue a decision.  (**NOTE:** If it **did** issue a decision, you **must attach** one
      copy of the decision to **each** copy of the complaint; failure to do so will delay the
      initiation of your case.)

12.   The Equal Employment Opportunity Commission issued the attached Notice of Right to
      Sue letter which I received on: 02/03/2023 . (**NOTE:** If it

did issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.     I am complaining in this action of the following types of actions by the defendants:

a. _____Y_____     Failure to provide me with reasonable accommodations to the application process

b. _____     Failure to employ me

c. ___X_____     Termination of my employment

d. _____     Failure to promote me

e. ____X____     Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. _____     Harassment on the basis of my sex

g. _____     Harassment on the basis of unequal terms and conditions of my employment

h. _____     Retaliation because I complained about discrimination or harassment directed toward me

i. _____     Retaliation because I complained about discrimination or harassment directed toward others

j. _____     Other actions (please describe) _____
_____
_____

14.     Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. _____ Race

b. _____ Color

c. _____ Sex

d. _____ Religion

e. _____ National Origin

f. _____ Sexual Harassment

g. __X___ Age
_____ Date of birth

h. __X__ Disability
Are you incorrectly perceived as being disabled by your employer?
____ yes ____ no

15.     I believe that I was ___X___/was not _____ **intentionally** discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are ___X___ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _____
_____

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    ___ **has not** issued a Right to sue letter
    **_X_** **has** issued a Right to sue letter, which I received on ___02/03/2023___

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

    PLEASE SEE LETTER OF COMPLAINT
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

## FOR LITIGANTS ALLEGING <u>AGE DISCRIMINATION</u>

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    __**X**__ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on ___2021 - 2022___

22.   The date on which I first asked my employer for reasonable accommodation of my
      disability is ___02 /2022_____
      _____

23.   The reasonable accommodations for my disability (if any) that my employer provided to
      me are: ___N/A_____NOT___PROVIDED_____
      _____
      _____
      __

24.   The reasonable accommodation provided to me by my employer were _____/were not
      _____ effective.   N/A - NOT PROVIDED

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate,
including injunctive orders, damages, costs and attorney's fees.

Dated: _04/ 27 /2023_          _____

                                          Plaintiff's Signature

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

---

**STACEY MIRINAVICIENE,**

                        **Plaintiff,**

- v -

**KEUKA COLLEGE,**
**AMY STOREY,**
**BRADLEY FUSTER,**
**COLLEEN BERTRAND,**
**ANNE TUTTLE,**
**ED SILVERMAN,**

**KEUKA COLLEGE**
**BOARD OF TRUSTEES**

                        **Defendants.**

**VERIFIED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

**Civil Action No.:**

---

## PRELIMINARY STATEMENT

Plaintiff, Stacey S. Mirinaviciene ("Ms. Mirinaviciene"), seeks redress for defendants' unlawful acts of illegal discrimination against her while she was employed with defendant Keuka College ("Keuka College" or "the College"), under the management of defendants Amy Storey, Bradley Fuster, Colleen Bertrand, Anne Tuttle, Ed Silverman and the Keuka College Board of Trustees under both federal and New York State law, for illegal employment discrimination, for subjecting Plaintiff to a hostile work environment, for violating her rights as a tenured professor to academic leave and a due process hearing, for breach of contract, and for intentionally interfering with her contractual relationship that would have allowed her to continue teaching overseas, along with substantial financial damages and costs caused thereby, including but not limited to lost compensation and benefits, harm to her professional reputation, physical and psychological harm and emotional distress.

1

## JURISDICTION AND VENUE

1.   Ms. Mirinaviciene brings this action against defendants for age discrimination, hostile work environment, harassment, and disparate treatment, and aiding and abetting under Title VII of the civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and/or the New York Executive/Human Rights Law § 296 ("NY HRL"), as applicable, as well as for contract infringement, intentional interference with contractual relations and violations of her privacy rights under HIPPA.

2.   Ms. Mirinaviciene also brings this action against Defendants Stoery, Fuster, Bertrand, Tuttle, Silverman and the Keuka College Board of Trustees as aiders and abettors pursuant to the NY HRL.

3.   This District Court has federal question jurisdiction over this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and has jurisdiction over plaintiff's state law claims pursuant to the doctrine of pendant jurisdiction.

4.   On February 3, 2023, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue, stating that "This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above numbered charge.  It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS 0f your receipt of this notice**; or your right to sue under this charge will be lost." (emphasis provided).  A copy of said Notice of Right to Sue is <u>attached as Exhibit "A."</u>

5.   With administrative prerequisites fulfilled, this District Court has jurisdiction over this matter.

2

6.  Venue is also proper in the Western District of New York, pursuant to 28 U.S.C. § 1391 because Ms. Mirinaviciene lives in and a substantial part of the events, acts and omissions giving rise to her claims occurred within the Western District of New York.

**PARTIES**

7.  Ms. Mirinaviciene is, and was during all times relevant to this matter, a resident of Pen Yan, Yates County, New York State.

8.  Defendant Keuka College has a principal place of business at 141 Central Avenue, Keuka Park, New York, employing more than 100 employees and doing business in the Western District of New York.

9.  Upon information and belief Defendant Amy Storey is an employee of Keuka College acting as its president at all times relevant to this action.

10. Upon information and belief Defendant Bradley Fuster is an employee of Keuka College acting as its provost/vice president for academic affairs at all times relevant to this action.

11. Upon information and belief Defendant Colleen Bertrand is an employee of Keuka College acting as its Associate Vice President for Human Resources at all times relevant to this action.

12. Upon information and belief Defendant Anne Tuttle is an employee of Keuka College acting as its Dean of International Programs, USA at all times relevant to this action.

13. Upon information and belief Defendant Ed Silverman is an employee of Keuka College acting as its Chair of Division of Business and Management at all times relevant to this action.

3

14. Upon information and belief, the Keuka College Board of Trustees is the governing board of Keuka College.


### FACTS

15. Plaintiff, a certified public accountant for a period of over 8 years was a tenured professor of accounting at Keuka College with eight years of full-time service.

16. Throughout her employment at Keuka College performed all of her duties successfully and received favorable reviews for work as a faculty member. She was also a student advisor and assisted Keuka College students in finding employment in the accounting profession

17. In addition to her academic year duties at Keuka College, Plaintiff taught in in Keuka College's affiliated international program in Hanoi and Ho Chi Minh City, Vietnam in Summer 2015, 2106, 2017, 2019, and 2020.

18. Prior to assuming her position at Keuka College, Plaintiff taught economics, all accounting disciplines, and taxation in various colleges and universities throughout New York State and overseas.

19. Plaintiff has been a tenured faculty member at Keuka College since 08/16/2021 and has consistently demonstrated excellence in teaching and service to the college.

20. Having received excellent ratings for her teaching at the end of the 2020-2021 academic year, Plaintiff and Defendant Keuka College entered into a contract for Plaintiff to continue teaching in the 2021-2022 academic year.

21. Plaintiff has been victimized by Keuka college, whose leadership sought to use

4

the economic and social disruptions brought about by the 2020 -2021 Covid 19 outbreak to oust tenured faculty and replace them with younger, less experienced and less expensive non- tenured and adjunct faculty. As a part of this effort, it created a draconian and ill-conceived Covid-19 booster mandate that has long been proven to have no basis in science and was designed as a tool to ignore the due process procedures to which Ms. Mirinaviciene and others were entitled. Keuka College is responsible for her resulting monetary losses.

22.  The college's booster mandate, initiated on or about December 21,2021 required Ms. Mirinaviciene and all other faculty members and staff to prove they have received a Covid booster shot or obtained a religious on medical exemption within 30 days.  Some faculty members, who taught classes online, were not compelled to comply.  Ms. Mirinaviciene taught some live classes, and others were taught online.

23.  Ms. Mirinaviciene is diabetic and suffers from high blood pressure and high blood sugar. She promptly informed human resources and her division chair that she needed to have a medical examination before deciding if she should receive a booster and which booster to take.  She was vaccinated with the Johnson & Johnson vaccine, which did not also develop a booster.

24.  As those in Keuka College are well aware, it takes a long time to obtain a medical appointment in the immediate area. Due to the arbitrary and irrational policy discussed above, and defiant to her requests for an extension until she could obtain a medical examination, Keuka College terminated her on March 10, 2022 and terminated her medical insurance on March 31, 2022.

25.  Ms. Mirinaviciene was therefore not able to obtain medical insurance until May 1,

2022. It was only after she obtained her own medical insurance that she was able to make a medical appointment. She was examined in June 2022, and received a Covid 19 booster shot.

26. The college administration completely ignored all of this. It brazenly applied a policy which called for the unconditional termination of any faculty that did not receive a Covid-19 Booster prior to a period of about 60 days after the original notice. Rather than make any attempt to provide a reasonable accommodation to Ms. Mirinaviciene, and in violation of her rights to a hearing, the College quickly and gladly seized the opportunity to terminate her.

27. As a tenured professor Ms. Mirinaviciene had rights that the college blatantly chose to ignore. It could have had her placed on Academic leave, or it could have assigned her to teach only online classes for the remainder of the semester. As it was, Ms. Mirinaviciene was already teaching classes either substantially or primarily online.  If Keuka college was intent on terminating her, it could only do to under an established procedure that required the college to afford her a chance to be heard before a faculty committee. The college did none of this. What the college did instead was replace Ms. Mirinaviciene for the remainder of the semester with a younger and untenured professor who ended up teaching mostly online, and with a decreased teaching schedule, which Ms. Mirinaviciene could have easily done.

28. Plaintiff was terminated from her position without any prior notice or opportunity to be heard by her peers as required by Keuka College's applicable policies or regulations, including its faculty handbook.

6

29.   The College's actions violated the principles of academic freedom and tenure
      established by the American Association of University Professors (AAUP). In a
      letter dated April 5, 2022 to the College and Defendants Storey, Fuster, and other
      parties the AAUP noted that under the applicable regulations adequate cause for
      dismissal must be related directly and substantially to the fitness of faculty
      members in their professional capacities and teachers and researchers.  Further,
      a faculty member is entitled to an adjudicative hearing of record before an elected
      faculty body in which the burden of proof that adequate cause exists rests with the
      institution. The letter went on to state that when campus safety is a concern
      regulation provide that pending the outcome of such a hearing, an administration
      may suspend a faculty member from her duties if, and only if, it believes her
      continuance in these duties would pose a risk of immediate harm to herself or
      others.  Such a suspension should be with pay and should only imposed following
      consultation with an appropriate faculty body concerning the propriety, duration,
      and other conditions" of the suspension.

30.   The above referenced letter went on to note that the above quoted AAUP
      Institutional regulation and procedural standards are incorporated into the 2021-
      2022 Keuka College faculty handbook.  The letter invited the college to respond to
      these allegations but it has declined to do so.

31.   Immediately thereafter, for the 2022-2023 academic year Keuka College
      eliminated any requirements that faculty, staff, or students receive even a
      Covid vaccine, let alone a booster. It even dropped the requirement to wear a
      face mask on campus. This comes as no great surprise. Courts throughout

7

New York State have found that the Covid 19 vaccine and booster requirements were without rational basis in fact and at best arbitrary and capricious, as it was known to the medical profession that such vaccinations do not prevent the transmission of Covid 19. See, for example, *Medical Professionals for Informed Consent v. Bassett,* Index No. 008575/2022, Sup. Ct. Onondaga City, January 3, 2023 and cases cited therein.

32. Upon information and belief, in further indifference to her rights, the college administration openly disclosed and discussed her personal medical information to persons not authorized to receive such information, in direct violation of the HIPPA rules.

33. Ms. Mirinaviciene has been damaged by the loss of salary not only in the prior year but for at least the next five years in which she intended to continue working at Keuka College. Ms. Mirinaviciene is an outstanding teacher who has always, received the highest reviews. She often employed accounting students at Keuka College to work in her accounting office on a fully paid basis, giving them valuable experience in business accounting. She also, under an IRS VITA approved program, instructed students on how to prepare tax returns, so that they could assist local citizens at no charge.

34. As a result of this wrongful termination Ms. Mirinaviciene' s contract to teach in Asia had been revoked. Ms. Mirinaviciene has taught overseas in Asia for many years through Keuka's programs, which would have also continued if not for the wrongful termination.

35. Ms. Mirinaviciene is aware that others were given special consideration under

8

the now defunct policy, which upon information and belief has been used as a tool by the college to eliminate the tenure track positions as well as to discriminate based on such criteria as age and seniority.

36. As a result, on May 24, 2022 Ms. Mirinaviciene filed a formal complaint with the U.S. Equal Employment Opportunity Commission (EEOC), case No. 525-2022-01280. On February 3, 2023, the EEOC issued a Notice of Right to Sue.

37. Defendants aided and abetted each other in this unlawful discrimination which they perpetrated, acquiesced in, condoned and fostered together, in concert.

38. The herein-described unlawful discrimination created an intimidating, oppressive, offensive and hostile work environment which interfered with Ms. Mirinaviciene well-being, her ability to perform her work, and the other terms and conditions of her employment.

39. Defendants failed to take all reasonable steps to prevent and/or correct the discrimination and to protect Ms. Mirinaviciene from these unlawful actions once she complained.

40. By the conduct set forth herein, defendants acted toward Ms. Mirinaviciene with malice and evil intent, engaged in willful and wanton misconduct, intentional misconduct, and acted in

reckless disregard for her rights.

41.   Because of the unlawful actions of defendants, Ms. Mirinaviciene has suffered
      depression and anxiety, humiliation and oppression, physical harm, and
      emotional and mental distress, in addition to loss of wages, salary and other
      benefits, professional advancement, and other damages, and thus seeks all
      remedies available to her under the law and equity under Title VII and the NY
      HRL.

## FIRST CAUSE OF ACTION

### Title VII Disparate Treatment Discrimination

42.   Plaintiff repeats and realleges each allegation contained in paragraphs 1
      through 41 above.

43.   Title VII prohibits an employer from subjecting an employee to disparate
      treatment with respect to their terms and conditions of employment because of
      sex, age, or national origin, among other things.

44.   Ms. Mirinaviciene was a female over the age of 55 at all times while employed with
      defendants and thus a member of a class of people protected by anti-
      discrimination provisions of Title VII.

45.   By defendants' conduct described herein, defendants treated Ms. Mirinaviciene
      differently than their other employees in the terms and conditions of her
      employment in violation of Title VII.

46.   Defendants had knowledge of, or reason to know of, the disparate treatment,
      and fostered and allowed this environment to exist.

47.   Therefore, defendants have violated Title VII.

48. Because of defendants' violation, Ms. Mirinaviciene has suffered, and continues to suffer, pecuniary losses including lost compensation and benefits, physical and psychological harm, emotional distress, and other damages.

## SECOND CAUSE OF ACTION

### Title VII Hostile Work Environment Discrimination

49. Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 48 above.

50. Title VII requires employers to provide a work environment for employees that is free of abuse and hostility motivated by an employee's age, sex, or national origin which alters the terms and conditions of the employee's employment.

51. By defendants' conduct described herein, a hostile work environment existed, through insults, abuse, leaking of confidential medical information, and other malicious activity and omissions, at Ms. Mirinaviciene place of employment, the severity and pervasiveness of which altered the terms and conditions of her employment there.

52. Defendants had knowledge of, or reason to know of, the hostile and discriminatory work environment that existed, and fostered and allowed this environment to exist.

53. Therefore, defendants have violated Title VII.

54. Because of defendants' violation Ms. Mirinaviciene has suffered, and continues to suffer, pecuniary losses including lost compensation and benefits, physical and psychological harm, emotional distress, and other damages.

## THIRD CAUSE OF ACTION

NY HRL Disparate Treatment Discrimination

55.   Plaintiff repeats and realleges each allegation contained in paragraphs 1
      through 54 above.

56.   Section 296 of the New York Human Rights Law prohibits an employer from
      Subjecting an employee to disparate treatment with respect to their terms and conditions
      of employment because of their age, ethnicity or national origin.

57.   Ms. Mirinaviciene was a female over the age of 55  at all times while employed with
      defendants and thus a member of a class of people protected by the provisions
      of the NY HRL throughout her employment.

58.   By defendants' conduct described herein, defendants treated Ms. Mirinaviciene
      differently than other employees in the terms and conditions of her
      employment in violation of the NY HRL because of her age, seniority, ethnicity
      or national origin.

59.   Defendants had knowledge of, or reason to know of, the disparate treatment,
      and fostered and allowed this environment to exist.

60.   Therefore, defendants have violated the NY HRL.

61.   Because of defendants' violation, Ms. Mirinaviciene has suffered, and continues
      to suffer, pecuniary losses including lost compensation and benefits, physical
      and psychological harm, emotional distress, and other damages.

## FOURTH CAUSE OF ACTION

NY HRL Hostile Work Environment
Discrimination

62.   Plaintiff repeats and realleges each allegation contained in paragraphs 1

through 61 above.

63. Section 296 of the New York Human Rights Law requires employers to provide a work environment for employees free of abuse and hostility motivated by an employee's age, sex, race, ethnicity or national origin which alters the terms and conditions of the employee's employment.

64. By defendants' conduct described herein, a hostile work environment existed, through insults, abuse and other malicious activity and omissions, at Ms. Mirinaviciene's place of employment, the severity and pervasiveness of which altered the terms and conditions of her employment.

65. Defendants had knowledge of, or reason to know of, the hostile and discriminatory work environment that existed, and fostered and allowed this environment to exist.

66. Therefore, defendants have violated the NY HRL.

67. Because of defendants' violation,   has suffered, and continues to suffer, pecuniary losses including lost compensation and benefits, physical and psychological harm, emotional distress, and other damages.

## **FIFTH CAUSE OF ACTION**

NY HRL Aiding and Abetting

68. Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 67 above.

69. It is unlawful under Section 296 of the New York Human Rights Law for an individual to aid and abet an employer's discriminatory or retaliatory conduct made unlawful under the NY HRL.

70. Defendants Storey, Fuster, Bertrand, Tuttle, and Silverman directly participated in the conduct complained of herein and thereby aided and abetted Keuka College in its unlawful discriminatory and retaliatory conduct toward Ms. Mirinaviciene, as described herein.

71. Therefore, they have violated the aiding and abetting provisions of the NY HRL.

72. Because of their violations, Ms. Mirinaviciene has suffered, and continues to suffer, pecuniary losses including lost compensation and benefits, physical and psychological harm, emotional distress, and other damages.

SIXTH CAUSE OF ACTION

Wrongful Termination

73. Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 72 above.

73. Keuka College terminated Plaintiff's employment based on her alleged failure to meet the arbitrary deadline for the COVID-19 booster requirement, despite her request for additional time to schedule a medical appointment.

74. Keuka College terminated Plaintiff's employment based on her alleged failure to meet the arbitrary deadline for the COVID-19 booster requirement College terminated Plaintiff's employment based on her alleged failure to meet the arbitrary deadline for the COVID-19 booster requirement without providing her with the required faculty hearing, or placing her on temporary leave with pay, allowing

14

her to teach exclusively online, or otherwise making a reasonable accommodation for even a short period of time.

75.    The college's termination of Ms. Mirinaviciene without following the required procedural safeguards constitutes a wrongful termination in violation of the college's faculty handbook and tenure policy to which Keuka College and Ms. Mirinaviciene were each bound.

76.    As a direct and proximate result of the wrongful termination, Ms. Mirinaviciene has suffered and will continue to suffer damages, including but not limited to lost wages and benefits, emotional distress, and damage to her professional reputation.

SEVENTH CAUSE OF ACTION

VIOLATION OF DUE PROCESS RIGHTS

78.    Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 77 above.

79.    Defendants' termination of Plaintiff without affording her the requisite faculty committee hearing and other procedural safeguards constituted a violation of her due process rights under the U.S. constitution and applicable state and federal laws.

80.    As a direct and proximate result of Defendants' violation of Plaintiff's due process rights, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and harm to her professional reputation.

EIGHTH CAUSE OF ACTION

BREACH OF CONTRACT

81.    Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 80 above.

82.    On or about June 10, 2021 Plaintiff and Defendant Keuka College entered into a written employment contract, wherein Plaintiff's employment with as a tenured faculty member of Keuka College was extended for the 2021-2022 academic year.

83.    The employment contract between Plaintiff and Defendant Keuka College provided for compensation and benefits, and was subject to the provisions of the Keuka College faculty handbook and other policies.

84.    Plaintiff at all times diligently performed her duties under the contract.

85.    During the course of Plaintiff's employment, defendant implemented a policy requiring all faculty members to obtain a Covid-19 booster shot by an arbitrary deadline, without providing an adequate opportunity for the recipients to determine if it was medically advisable for them to do so.

86.    Plaintiff made diligent efforts to discover if she could safely comply with the policy mandate but was unable to do so prior to the arbitrary deadline set therein.

87.    Despite Plaintiff's good faith efforts to comply and her request for additional time, Defendant Keuka College deemed Plaintiff to have "voluntarily resigned" from her position.

88.    In fact, Plaintiff did not "voluntarily resign" but was unlawfully terminated.

16

89.     Defendant Keuka College's actions in treating Plaintiff as having voluntarily resigned before the end of her contracted term, despite all of her good faith efforts and a request for additional time, constitutes a breach of the employment contact between Plaintiff and Defendant Keuka College.

90.     Keuka College terminated Plaintiff's employment based on her alleged failure to meet the arbitrary deadline for the COVID-19 booster requirement College terminated Plaintiff's employment based on her alleged failure to meet the arbitrary deadline for the COVID-19 booster requirement without providing her with the required faculty hearing, or placing her on temporary leave with pay, allowing her to teach exclusively online, or otherwise making a reasonable accommodation for even a short period of time.

91.     The college's termination of Ms. Mirinaviciene without following the required procedural safeguards constitutes a wrongful termination in violation of the college's faculty handbook and tenure policy to which Keuka College and Ms. Mirinaviciene were each bound.

92.     As a direct and proximate result of Defendant Keuka College's breach of contract, Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, benefits, and harm to her professional reputation.

NINTH CAUSE OF ACTION

TORTIOUS INTERFERANCE WITH CONTRACT

93.     Ms. Mirinaviciene repeats and realleges each allegation contained in paragraphs 1 through 92 above.

94.     Prior to the incidents alleged above, Plaintiff entered into a contract with Keuka College's affiliated international program   to teach accounting courses in Asia during the summer of 2022 ("Contract").

95.     The Contract provided for payment of $7500 to Plaintiff upon the completion of her teaching duties.

96.     Plaintiff was also employed by Defendant as an accounting professor for the 2021-2022 academic year.

97.     On or about March 10, 2022, Defendants unlawfully terminated Plaintiff's employment for the academic year.

98.     After the unlawful termination, Defendants communicated with the International Program and informed it of Plaintiff's termination from her academic year employment with Defendant.

99.     As a result of Defendants' communication with the International Program, the Program rescinded its offer to Plaintiff to teach accounting courses in Asia for the summer of 2022.

100.    At the time Defendant communicated with the International Program, Defendant knew of the existence of the Contract between Plaintiff and the Program.

101.    Defendant's communication with the International Program was intentional and without justification and with an intent to harm Plaintiff.

102.   Defendant's actions were a direct and proximate cause of the International

Program rescinding its offer to Plaintiff, thereby interfering with Plaintiff's contractual

rights under the Contract.

103.   As a result of Defendant's tortious interference with the Contract, Plaintiff has

suffered damages, including, but not limited to, the loss of payment she would have

received for teaching the accounting courses in Asia during the summer of 2022.

104.   WHEREFORE, Plaintiff respectfully requests judgment against Defendant as

follows:

A. Compensatory damages for lost wages, benefits, loss of reputation and emotional
distress in an amount to be proven at trial;

B. Punitive damages in an amount to be proven at trial;

C.  Grant Plaintiff her position as a tenured professor or, in the alternative, award
Plaintiff forward pay.

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Costs and expenses of this action, including reasonable attorney's fees;

F.  Such other and further relief as this Court deems just and proper.

Respectfully submitted,                          Dated: April 24, 2023

Stacey Mirinaviciene, *pro se*.
114-116 Main Street
Pen Yan, NY 14527
Tel: 516-801-4477
Email: stacey@roslynaccountingservices.com

# EXHIBIT A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

| To: | Stacey S. Mirinaviciene<br>114 Main Street PO Box 225<br>PENN YAN, NY 14527 | From: | Tampa Field Office<br>501 East Polk St, Suite 1000<br>Tampa, FL 33602 |
|---|---|---|---|

| EEOC Charge No.<br>**525-2022-01280** | EEOC Representative<br>**SCOTT KELLEY,**<br>**Enforcement Supervisor** | Telephone No.<br>**813-710-9374** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** *of your receipt of this Notice.*  Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*

Digitally signed by Evangeline
Hawthorne, District Director
Date: 2023.02.03 13:43:36 -05'00'

Enclosures(s)

**Evangeline Hawthorne**
**Director**

cc:   **Amy  Storey**
**141 CENTRAL AVE**
**Keuka Park, NY 14478**
**Katherine  McClung**
**Bond Schoeneck & King PLLC**
**10 BANK ST STE 1120**
**White Plains, NY 10606**

**NEAL  GREENFIELD**
**Law Office of Neal S. Greenfield**
**2830 Ocean Parkway Apt 21G**
**BROOKLYN, NY 11235**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months of this</u> **Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***