UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STACEY MIRINAVICIENE,

                            Plaintiff,

        v.

KEUKA COLLEGE, AMY STOREY, BRADLEY FUSTER,
COLLEEN BERTRAND, ANN TUTTLE, ED SILVERMAN,
and KEUKA COLLEGE BOARD OF TRUSTEES,

                       Defendants.

_____

Civil Action No.
6:23-cv-06233-FPG


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

BOND, SCHOENECK & KING, PLLC
Katherine McClung, Esq.
Stephanie Fedorka, Esq.
350 Linden Oaks, Third Floor
Rochester, NY 14625
Telephone: (585) 362-4700
*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .............................................................................................. 1

LEGAL STANDARD FOR MOTION TO DISMISS ............................................................. 2

ARGUMENT ............................................................................................................................ 4

I.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE ANY CLAIM AGAINST THE INDIVIDUAL DEFENDANTS OR THE BOARD OF TRUSTEES .................... 4

II.   PLAINTIFF'S TITLE VII CLAIMS ARE BARRED BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES ....................................................... 5

III.  THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII, THE ADA, OR THE ADEA ............................................................................................................... 6

IV.  PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE DISABILITY DISCRIMINATION CLAIM UNDER THE ADA OR THE NYHRL .......................... 7

    A.  Plaintiff has failed to plausibly plead that she suffered an adverse employment action because of her alleged disability ................................. 7

    B.  Plaintiff has also failed to plausibly plead that she was denied a reasonable accommodation for a disability ................................................................. 10

V.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE AGE DISCRIMINATION CLAIM UNDER THE ADEA OR THE NYHRL ....................................................... 11

VI.  PLAINTIFF HAS FAILED TO STATE ANY PLAUSIBLE CLAIM FOR SEX, RACE, ETHNICITY OR NATIONAL ORIGINAL DISCRIMINATION UNDER THE NYHRL ................................................................ 14

    A.  Plaintiff Has Failed To Pled Any Plausible Claim of Disparate Treatment Under The NYHRL .................................................................................... 14

    B.  Plaintiff Has Failed to Plead a Plausible Claim of Hostile Work Environment Under the NYHRL ................................................................. 16

    C.  Plaintiff's Aiding and Abetting Claims Against the Individual Defendants Must Be Dismissed for Failure to State a Plausible Claim ...................................... 17

VII. PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE WRONGFUL TERMINATION CLAIM ........................................................................................... 18

VIII. PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A DUE PROCESS CLAIM ....................................................................................................................... 19

IX.  PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A BREACH OF CONTRACT CLAIM ............................................................................................... 20

i

X.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A TORTIOUS INTERFERENCE WITH CONTRACT CLAIM ........................................................... 21

XI.   IN THE ALTERNATIVE, IF THE COURT FINDS ANY STATE LAW CLAIMS ARE PLAUSIBLY PLEAD, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION ........................................................................... 22

CONCLUSION ..................................................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................................3

*Baguer v. Spanish Broad. Sys., Inc.*,
    No. 04-cv-8393, 2007 WL 2780390 (S.D.N.Y. Sept. 20, 2007) ............................................18

*Bailey-Lynch v. Mid Town Promotions*,
    No. 10-cv-8S, 2011 U.S. Dist. LEXIS 126610 (W.D.N.Y. Nov. 2, 2011)............................2, 3

*Basank v. Decker*,
    613 F. Supp. 3d 776 (S.D.N.Y. 2020).....................................................................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................................3

*Belton v. Borg & Ide Imaging, P.C.*,
    512 F.Supp.3d 433 (W.D.N.Y. Jan. 12, 2021).........................................................................15

*Boonmalert v. City of New York*,
    2018 U.S. App. LEXIS 1597 (2d Cir. Jan. 22, 2018) ..............................................................11

*Cherry v. Toussaint*,
    50 F. App'x 476 (2d Cir. 2002) ..................................................................................................6

*Delaware State College v. Ricks*,
    449 U.S. 250 (1980)....................................................................................................................5

*Flaherty v. Metromail Corp.*,
    235 F.3d 133 (2d Cir. 2000)........................................................................................................5

*Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*,
    724 F. Supp. 2d 382 (W.D.N.Y. 2010)...................................................................................3, 4

*Goe v. Zucker*,
    43 F.4th 19 (2d Cir. 2022), cert. denied sub nom ......................................................................6

*Graves v. Finch Pruyn & Co.*,
    457 F.3d 181 (2d Cir. 2006).......................................................................................................10

*Hess Mobil Park v. Sear-Brown Assoc.*,
    100 A.D.2d 730 (4th Dep't 1984).............................................................................................20

*Horn v. N.Y. Times*,
    100 N.Y.2d 85 (2003) ...............................................................................................................18

i

*Hotel Cap. LLC v. Wells Fargo Bank*,
35 Misc. 3d 1218(A), (Sup. Ct. Kings Co. April 26, 2012)....................................................20

*Jablonski v. Special Counsel, Inc.*,
2017 U.S. Dist. LEXIS 164167 (S.D.N.Y. Sept. 28, 2017)...................................................12

*Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*,
744 N.Y.S.2d 384 (1st Dep't 2002) .....................................................................................21

*Jordan v. Greater Buffalo United Accountable Healthcare Network*,
No. 20-cv-0067, 2021 WL 2419564 (W.D.N.Y. April 20, 2021) ..........................................14

*Kendricks v. Westhab, Inc.*,
163 F. Supp. 2d 263 (S.D.N.Y. 2001), *aff'd*, 40 F. App'x 619 (2d Cir. 2002)........................7

*Koret, Inc. v. Christian Dior, S.A.*,
161 A.D.2d 156 (1st Dep't 1990) .........................................................................................21

*L.T. v. Zucker*,
No. 21-cv-1034, 2021 WL 4775215 (N.D.N.Y. Oct. 13, 2021).............................................13

*Lobosco v. New York Tel. Co./NYNEX*,
96 N.Y.2d 312 (2001) ..........................................................................................................18

*Lueck v. Progressive Ins., Inc.*,
No. 09-cv-7174, 2009 U.S. Dist. LEXIS 96492 (W.D.N.Y. Oct. 19, 2009) ............................3

*Lugar v. Edmondson Oil Co., Inc.*,
457 U.S. 922 (1982)..............................................................................................................19

*Maltbie's Garage Co., Inc. v. Gen. Motors LLC*,
No. 21-cv-581, 2021 WL 4972738 (N.D.N.Y. Oct. 26, 2021)...............................................21

*Marcus v. Barilla America NY, Inc.*,
14 F. Supp.3d 108 (W.D.N.Y. 2014) ....................................................................................17

*Marcus v. Leviton Mfg. Co.*,
661 Fed. Appx. 29 (2d Cir. 2016)...................................................................................12, 14

*Murphy v. Am. Home Prod. Corp.*,
58 N.Y.2d 293 (1983) ..........................................................................................................18

*Onex Food Servs., Inc. v. Grieser*,
No. 93-cv-0278, 1996 WL 103975 (S.D.N.Y. Mar. 11, 1996)...............................................20

*Ortiz v. Hurley Corp.*,
No. 03-cv-6395, 2005 WL 608254 (W.D.N.Y. March 11, 2005) ............................................6

*Piccolo v. Wal-Mart*,
   2012 U.S. Dist. LEXIS 75991 (W.D.N.Y. May 30, 2012) ....................................................10

*Reeves v. Am. Optical Co.*,
   408 F. Supp. 297 (W.D.N.Y. 1976) ....................................................................................19

*Romanick v. Corning, Inc.*,
   No. 13-cv-6006, 2016 WL 1275671 (W.D.N.Y. March 31, 2016) ........................................5

*Sabetay v. Sterling Drug*,
   69 N.Y.2d 329 (1987) ........................................................................................................18

*Salamon v. Our Lady of Victory Hosp.*,
   514 F.3d 217 (2d Cir. 1008) ..............................................................................................15

*Shehab v. Chas. H. Sells, Inc.*,
   No. 04-cv-01534, 2006 WL 938715 (S.D.N.Y. Mar. 29, 2006) ....................................19, 22

*Smith v. Metro. Museum of Art*,
   2016 U.S. Dist. LEXIS 183342 (S.D.N.Y. Dec. 28, 2016), *aff'd* 697 Fed.
   Appx. 96 (2d Cir. 2017) ....................................................................................................14

*Span v. Enlarged City Sch. Dist. of Troy*,
   No. 12-cv-0975, 2012 WL 3886177 (N.D.N.Y. Sept. 6, 2012) .............................................4

*Spiegel v. Schulmann*,
   604 F.3d 72 (2d Cir. 2010) ..................................................................................................6

*Thompson v. ABVI Goodwill Servs.*,
   2013 U.S. Dist. LEXIS 17618 (W.D.N.Y. Feb. 7, 1013) (Siragusa, J.), *aff'd*
   531 Fed. Appx. 160 (2d Cir. 2013) ....................................................................................11

*Tomka v. Seiler Corp.*,
   66 F.3d 1295 (2d Cir. 1995) ..............................................................................................17

*Transcience Corp. v. Big Time Toys, LLC*,
   50 F. Supp. 3d 441 (S.D.N.Y. 2014) ..................................................................................20

*Watkins v. Rochester Gen. Hosp.*,
   No. 13-cv-6386, 2014 WL 1224680 (W.D.N.Y. March 25, 2014) .........................................5

*Williams v. Rosenblatt Sec. Inc.*,
   136 F. Supp. 3d 593 (S.D.N.Y. 2015), *opinion reinstated on reconsideration*,
   No. 14-cv-4390, 2015 WL 6509112 (S.D.N.Y. Oct. 28, 2015) ............................................19

*Williams v. Victoria's Secret*,
   2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. March 28, 2017) ..................................................14

*Wrighten v. Glowski,*
    232 F.3d 119 (2d Cir. 2000)........................................................................................6

**Statutes**

28 U.S.C. § 1367...........................................................................................................22

N.Y. Exec. Law § 296..........................................................................................15, 16, 17

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(..................................................................1, 2

U.S. Constitution Fourteenth Amendment ................................................................19

Defendants Keuka College (the "College"), Amy Storey, Bradley Fuster, Colleen Bertrand, Ann Tuttle, Ed Silverman, and Keuka College Board of Trustees submit this memorandum of law in support of their motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In her Complaint, Plaintiff has asserted various claims based on her separation from employment at the College.  As Plaintiff acknowledges, the College implemented a policy on December 21, 2021 requiring all staff to obtain a COVID-19 booster shot or receive approval for a medical or religious exemption.  Staff were warned that failure to comply would be treated as a voluntary resignation from employment.  Plaintiff does not dispute that she failed to comply with this policy, and her employment ended on March 10, 2022.

As an initial matter, Plaintiff's claims against Amy Storey, Bradley Fuster, Colleen Bertrand, Ann Tuttle, and Ed Silverman (collectively, the "Individual Defendants"), as well as the Keuka College Board of Trustees (the "Board" or the "Board of Trustees") should be dismissed because Plaintiff fails to make any factual allegations supporting any claims against these Defendants.

She asserts that she was subjected to age and disability discrimination.  However, she fails to identify any disability that prevented her from complying with the College's vaccine mandate policy and in fact, she concedes that she obtained the COVID-19 booster shot shortly after leaving her employment at the College.  While she asserts that the policy was intended to target and force out older employees, this is facially implausible.  CDC data establishes that older employees are **more** likely to obtain COVID-19 booster shots and therefore, more likely to comply with the College's policy.  Furthermore, Plaintiff admits that the policy was facially neutral and applied equally to all College employees.

1

Plaintiff also asserts claims for discrimination based on sex, national origin and ethnicity. However, she failed to exhaust her administrative remedies on these Title VII claims, and therefore, they are barred.  Furthermore, she fails to offer any explanation connecting her separation to her sex, ethnicity or national origin.  She does not even identify her ethnicity or national origin anywhere in the Complaint.

Plaintiff's wrongful discharge claim should be dismissed because New York does not recognize a common law wrongful discharge claim.  Similarly, her due process claim should be dismissed, as she fails to allege any state action.

Plaintiff's breach of contract claim against the College should be dismissed as she acknowledges that her Complaint makes it clear that she breached the contract by failing to comply with the vaccine mandate policy.  Therefore, any further performance under the contract by the College was excused as a matter of law.

Finally, Plaintiff fails to state a plausible claim for tortious interference with contract because she acknowledges that the contract for the international classes was with an entity affiliated with the College.  As a matter of law, only a stranger can tortiously interfere with a contract – not a related entity or the entity's own employees.

For the foregoing reasons, the College requests that this Court dismiss the Complaint in its entirely.

## **LEGAL STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of any complaint that fails "to state a claim upon which relief can be granted."  *Bailey-Lynch v. Mid Town Promotions*, No. 10-cv-8S, 2011 U.S. Dist. LEXIS 126610, at *6 (W.D.N.Y. Nov. 2, 2011) (quoting Fed. R. Civ. P. 12(b)(6)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. . . [w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Lueck v. Progressive Ins., Inc.*, No. 09-cv-7174, 2009 U.S. Dist. LEXIS 96492, at *4-5 (W.D.N.Y. Oct. 19, 2009) (quoting *Ashcroft*, 556 U.S. 662). A complaint is facially plausible "when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged." *Bailey-Lynch*, 2011 U.S. Dist. LEXIS 126610, at *7 (citing *Ashcroft*, 556 U.S. at 678). "[T]he pleading must show, not merely allege, that the pleader is entitled to relief." *Id.* Thus, "a complaint must contain enough 'factual amplification . . . to render a claim plausible.'" *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 389 (W.D.N.Y. 2010) (quoting *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

"[T]he Supreme Court has made clear that it is not enough simply to recite the elements of a claim, and to allege the existence of those elements in general, conclusory fashion." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). While the Court accepts factual allegations in the complaint as true, conclusory statements – legal or otherwise – are not presumed to be true. *See Ashcroft*, 556 U.S. at 678 (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Foster*, 744 F. Supp. 2d at 389 ("[I]n assessing the viability of a complaint, the court is free to 'identify[] pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth.'" (quoting *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010))).

Thus, the Complaint's allegations must move the plaintiff's claims from the "conclusory" to the "factual" and then from the "factually neutral" to the "factually suggestive" – in this case, "factually suggestive" of discrimination. *Foster*, 744 F. Supp. 2d at 388 (citing *Twombly*, 550 U.S. at 557 n.5).

## ARGUMENT[1]

### I.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE ANY CLAIM AGAINST THE INDIVIDUAL DEFENDANTS OR THE BOARD OF TRUSTEES

Plaintiff's Complaint does not include any specific factual allegations to support her claims against the Individual Defendants or the Board of Trustees.  Plaintiff simply names these Defendants (*see* Compl., at 7), alleges the Individual Defendants' job titles "[u]pon information and belief" (*see* Compl. ¶¶ 9-13), and makes vague, conclusory allegations about "Defendants" conduct (*see, e.g.*, Compl. ¶¶ 45, 52).  Therefore, Plaintiff has failed to state any plausible claim against any of the Individual Defendants or the Board of Trustees, and all claims against those Defendants should be dismissed.[2]  *See, e.g.*, *Span v. Enlarged City Sch. Dist. of Troy*, No. 12-cv-0975, 2012 WL 3886177, at *3-4 (N.D.N.Y. Sept. 6, 2012) (granting motion to dismiss claims against individual defendants where the complaint only alleged their titles and places of residence but failed to include "particularized factual allegations" about each individual's alleged discriminatory actions).

---

[1]  Plaintiff's well-plead factual allegations are accepted as true for the purposes of this motion only.

[2]  It is not clear which claims are asserted against which Defendants, but it appears that Plaintiff may be asserting her First, Second, Third, Fourth, Seventh, and Ninth Causes of Action against all of the Defendants, the Fifth Cause of Action against the Individual Defendants, and the Sixth and Eighth Causes of Action solely against the College.

## II.    PLAINTIFF'S TITLE VII CLAIMS ARE BARRED BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

Plaintiff alleges that she experienced unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") on the basis of her "sex… or national origin."[3]   (*See* Compl. ¶¶ 43, 50).  However, "[t]o sustain a claim for unlawful discrimination under Title VII… a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts."  *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 (2d Cir. 2000) (citing 42 U.S.C. § 2000e-5(e)).  This 300-day deadline starts to run at the moment the plaintiff received notice of the alleged unlawful conduct.  *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) ("In sum, the only alleged discrimination occurred – and the filing limitations periods therefore commenced – at the time the tenure decision was made and communicated to [the employee].  That is so even though one of the effects of the denial of tenure – the eventual loss of a teaching position – did not occur until later.").

Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission on May 24, 2022.  (*See* Compl. ¶ 36).  However, Plaintiff's administrative complaint only included allegations of alleged age and disability discrimination.  (*See* Bertrand Decl. Ex. 1).  She failed to assert any Title VII claims, including any claims of sex or national original discrimination.  Therefore, she failed to exhaust her administrative remedies for any Title VII claims, and her Title VII claims must be dismissed in their entirety.  *See, e.g.*, *Romanick v. Corning, Inc.*, No. 13-cv-6006, 2016 WL 1275671, at *2 (W.D.N.Y. March 31, 2016) (holding that "because [the *pro se*] Plaintiff failed to exhaust his administrative remedies prior to filing his federal lawsuit, these claims must be dismissed"); *Watkins v. Rochester Gen.*

---

[3] Although Plaintiff purports to raise a claim of age discrimination under her alleged Title VII causes of action, age is a protected category under the ADEA – not Title VII.  The ADEA claims are addressed separately in Sections III and V, *infra*.

*Hosp.*, No. 13-cv-6386, 2014 WL 1224680, at \*6-7 (W.D.N.Y. March 25, 2014) (dismissing a *pro se* employee's disability and gender discrimination claims for failure to exhaust); *Ortiz v. Hurley Corp.*, No. 03-cv-6395, 2005 WL 608254, at \*1 (W.D.N.Y. March 11, 2005) (dismissing *pro se* employee's age discrimination claim because "[t]hough plaintiff did file a charge with the EEOC, it did not raise age discrimination").

## III.   THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII, THE ADA, OR THE ADEA

Individuals may not be held liable under Title VII, the ADA or the ADEA.  *See Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022), *cert. denied sub nom. Goe v. McDonald*, 143 S. Ct. 1020 (2023) ("[I]t is well-established that there is no individual liability under the ADA or the Rehabilitation Act, whether the individual is sued in their official or individual capacity." (quoting *Perros v. Cnty. of Nassau*, 238 F. Supp. 3d 395, 402 n.3 (E.D.N.Y. 2017))); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (holding that "the ADEA precludes individual liability"); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (affirming dismissal of claims against individual defendants "because individuals are not subject to liability under Title VII"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("[I]n the context of employment discrimination, the retaliation provision of the ADA, which explicitly borrows the remedies set forth in § 2000e–5, cannot provide for individual liability.").

Accordingly, Plaintiff's claims against the Individual Defendants under Title VII, the ADA, and the ADEA should be dismissed with prejudice.

## IV.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE DISABILITY DISCRIMINATION CLAIM UNDER THE ADA OR THE NYHRL

### A. Plaintiff has failed to plausibly plead that she suffered an adverse employment action because of her alleged disability

To survive a motion to dismiss, an employee is required to state sufficient factual allegations to support a plausible claim of disability discrimination.   "To meet this burden, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he could perform the essential functions of his job with or without reasonable accommodation; and (4) he was fired because of his disability."  *Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263, 269 (S.D.N.Y. 2001), *aff'd*, 40 F. App'x 619 (2d Cir. 2002)

In the present case, Plaintiff alleges that the College announced its vaccine "booster mandate… on or about December 21, 2021" for all "faculty members and staff" and that employees could "obtain[] a religious [or] medical exemption" from the policy.  (*See* Compl. ¶ 22).  Plaintiff asserts that she is "diabetic and suffers from high blood pressure and high blood sugar."  (*See* Compl. ¶ 23).  Plaintiff alleges that she informed the College that "she needed to have a medical examination before deciding if she should receive a booster and which booster to take."  (*See* Compl. ¶ 23).   Plaintiff claims that "it takes a long time to obtain a medical appointment in the immediate area" and that Keuka College terminated her "on March 10, 2022" – *i.e.*, nearly three months after the vaccine booster mandate was announced.  (*See* Compl. ¶ 24).  Plaintiff acknowledges that after she obtained new medical insurance on "May 1, 2022..., she was able to make a medical appointment ... in June 2022, and received a Covid 19 booster shot."  (*See* Compl. ¶ 25).

Plaintiff alleges that she was terminated from her employment for failure to comply with the College's COVID-19 booster mandate, but Plaintiff does not allege any plausible argument that her failure to comply with the policy (and the resulting separation from employment) was

because of her disability.  Plaintiff could have complied with the policy by either obtaining the COVID-19 booster or applying for a medical or religious exemption from the booster mandate. Plaintiff does not claim that she had a disability that prevented her from taking one of these actions. Plaintiff never claims that she was qualified for a medical exemption or that she ever applied for such an exemption.  (*See* Compl. ¶ 22).  Plaintiff readily admits that her medical issues did not ultimately prevent her from obtaining the original dose or booster dose of the COVID-19 vaccine – specifically, she acknowledges that she received the Johnson initial COVID vaccine and that after her separation from the College, she obtained a COVID-19 booster shot.  (*See* Compl. ¶¶ 23, 25).

Plaintiff's sole argument is that she needed more time.  Specifically, she argues that she unilaterally wanted to obtain a medical examination by her health care provider so she "could decide" whether to get the booster and that it "takes a long time to obtain a medical appointment in the immediate area…"  (*See* Compl. ¶¶ 23-24).  However, as an initial matter, Plaintiff's argument is facially inconsistent and implausible.  Her argument that she needed more time to seek a medical examination is based on her allegation that "it takes a long time to obtain a medical appointment…"  While she never specifically makes this allegation, the implication is that she was not able to secure an appointment for the nearly three-month period between the announcement of the College's vaccine booster policy on December 21, 2021 and her separation on March 10, 2022.  (*See* Compl. ¶¶ 22, 24).  However, she also makes the contrary admission that she ultimately obtained the medical appointment in just one month.  (*See* Compl. ¶ 25 ("It was only after she obtained her own medical insurance [in May 2022] that she was able to make a medical appointment… in June 2022…")).

Furthermore, even if Plaintiff was not able to obtain "a medical appointment in the immediate area" within the nearly three-month period between the booster policy announcement and Plaintiff's separation from employment, Plaintiff offers no factual allegations explaining why the medical appointment had to be in "the immediate area" if there were such significant time delays in appointments there. (*See* Compl. ¶ 24). Plaintiff also offers no factual allegations explaining why "a medical examination" by her health care provider was even necessary. (*See* Compl. ¶ 23). Given that her health care provider was already familiar with her medical conditions, Plaintiff could have simply called her health care provider to find out if there were any medical contraindications to her receipt of a vaccine booster and if not, which booster her health care provider recommended for her.

In short, Plaintiff's extremely limited factual allegations simply do not add up to a plausible claim that disability prevented her from complying with the College's vaccine booster mandate by either obtaining the booster shot or applying for a medical exemption during the time period from December 21, 2021 to March 10, 2022. She admits that her separation from employment was based on her failure to comply with the booster policy, and since there are not plausible allegations that her failure to comply with the policy was because of her disability, she has failed to state a plausible disability discrimination claim. (*See* Compl. ¶ 26).

Moreover, Plaintiff also does not allege that the policy was facially discriminatory against individuals with disabilities or caused a disparate impact on those with disabilities. To the contrary, she admits that the policy applied to "all… faculty members and staff) employees and also permitted employees to "obtain[] a religious [or] medical exemption." (*See* Compl. ¶¶ 22, 26). Plaintiff also fails to identify any comparator that did not have a disability that was treated more favorably than her with respect to this policy.

For all of the foregoing reasons, Plaintiff has failed to assert a plausible claim of disability discrimination with respect to her alleged termination from employment.

### B. Plaintiff has also failed to plausibly plead that she was denied a reasonable accommodation for a disability

"To state a prima facie failure to accommodate claim, a plaintiff must establish that (1) his employer was subject to the ADA; (2) he was disabled; (3) he was otherwise qualified to perform the essential functions of the job; and (4) defendant had notice of the disability and failed to provide such reasonable accommodations." *Piccolo v. Wal-Mart*, 2012 U.S. Dist. LEXIS 75991, at *18-19 (W.D.N.Y. May 30, 2012) (alterations omitted). "A claim of disability discrimination under the New York State Human Rights Law is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (internal citation omitted).

Plaintiff fails to allege that any of the Defendants had any notice that she had a disability necessitating an accommodation from the College's vaccine mandate. Instead, Plaintiff only claims that she told the College that she "needed to have a medical examination before deciding if she should receive a booster and which booster to take." (*See* Compl. ¶ 23). In other words, she told the College that she did not know whether she was going to obtain the booster shot or apply for a medical exemption. However, she never disclosed any disability that prevented her from complying with the policy; she clearly could have either obtained the booster shot (as she did after she left the College) or applied for a medical exemption. Plaintiff initially did not know whether or not she needed to apply for a medical exemption from the College's vaccine booster mandate, and after her employment ended, she confirmed that she did not need such an accommodation and obtained the booster shot. (*See* Compl. ¶¶ 23, 25).

10

Plaintiff argues that she needed an extension of the nearly three-month period to comply with the booster policy; she wanted to obtain a medical examination by her health care provider so she "could decide" whether to get the booster and that it "takes a long time to obtain a medical appointment in the immediate area…" (*See* Compl. ¶¶ 23-24).  However, this is not an argument that she needed an accommodation for a disability.  As discussed above, she could have obtained a medical appointment outside of the immediate area or simply called her health care provider to ask if she was medically able to receive the booster shot.  While Plaintiff may have preferred to seek a medical examination in the immediate area before making a decision, this was not medically necessary based on a disability.  Additionally, as noted above, Plaintiff admits that she ultimately obtained the medical appointment in one month, undermining the plausibly of her claim that she was unable to obtain an appointment during a nearly three-month period.

For the foregoing reasons, Plaintiff has not plausibly stated a failure to accommodate claim.

## V.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE AGE DISCRIMINATION CLAIM UNDER THE ADEA OR THE NYHRL

For an age discrimination claim, an employee must plead "facts which plausibly suggest that (1) the employer took an adverse action and (2) age was the 'but for' cause of that adverse action." *Boonmalert v. City of New York*, 2018 U.S. App. LEXIS 1597, at *4-5 (2d Cir. Jan. 22, 2018) (summary order).  With respect to the second factor, "while an ADEA plaintiff need not plead 'but-for' causation, his complaint must contain sufficient facts to make plausible the conclusion that 'but for' his age, he would not have suffered the challenged action." *Thompson v. ABVI Goodwill Servs.*, 2013 U.S. Dist. LEXIS 17618, at *9 (W.D.N.Y. Feb. 7, 1013) (Siragusa, J.), *aff'd* 531 Fed. Appx. 160 (2d Cir. 2013) (summary order).  "The same standard for ADEA discrimination claims also applies for NYSHRL age-based discrimination claims,

11

including the requirement of 'but for' causation." *Jablonski v. Special Counsel, Inc.*, 2017 U.S. Dist. LEXIS 164167, at *8-9 (S.D.N.Y. Sept. 28, 2017); *see also Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016) (summary order) (holding that the plaintiff's "age discrimination claim under the NYSHRL fails for the same reasons as his age discrimination claim under the ADEA" due to the application of the same standard).

At the crux of Plaintiff's age discrimination claim, Plaintiff alleges that the College's COVID-19 booster vaccination mandate was intended to target older faculty members in an effort to arbitrarily oust them upon their non-compliance, and then replace them with younger individuals. Specifically, Plaintiff asserts that the College "sought to use the economic and social disruptions brought about by the 2020-2021 Covid 19 outbreak to oust tenured faculty and replace them with younger, less experienced and less expensive non-tenured and adjunct faculty…[a]s part of this effort, [the College] created a draconian and ill-conceived Covid-19 booster mandate …" (*See* Compl. ¶ 21). However, this argument, which is the sole theory of Plaintiff's age discrimination claim, does not pass muster even at this stage for several reasons.

First, Plaintiff admits that the College's COVID-19 booster mandate was not facially discriminatory and applied to "any" and "all … faculty and staff." (*See* Compl. ¶¶ 22, 26). This undermines any claim that the College's COVID-19 booster mandate was discriminatory and targeting older employees.

Second, Plaintiff offers no factual allegations to support her speculative claim that the College's vaccine booster mandate was intended to oust older workers. Her unsupported assertion is based on the assumption that older workers were less likely to comply with the College's vaccine booster mandate than younger workers and therefore, this policy would create an opportunity for the College to "oust" older workers. (*See* Compl. ¶ 21). However, this theory

is implausible given that older individuals are **more** likely to obtain COVID-19 vaccines – not **less** likely.  The Centers for Disease Control has collected and published data demonstrating that, in fact, older populations of Americans were more likely to receive a booster vaccine.  The CDC's data for December 21, 2021 (the day that the College's booster policy was implemented) reflected that in New York state, 56.7% of individuals aged 65 and older had received a booster shot and 36.3% of individuals aged 50-64 had received a booster.  In contract, the younger age demographics had lower booster vaccination rates – 26.6% for 40-49 year olds, 21.1% for 25-39 year olds, and 12.8% for 18-24 year olds.[4]  Accordingly, Plaintiff's argument is completely illogical.  In other words, based on the CDC's data, older employees were more likely to comply with the College's booster mandate policy by obtaining the COVID-19 booster shot.  Therefore, Plaintiff's argument that the policy, while neutral on its face, was intended to be discriminatory and target older employees is not plausible.

Third, Plaintiff provides no younger comparators to assert any claim that she was treated less favorably than any younger employee in the administration of any policies or in any other terms or conditions of employment.  For this reason too, Plaintiff's age discrimination claims must fail.

Fourth, Plaintiff's allegation that she was replaced by "a younger and untenured professor" is insufficient to plausibly state an age discrimination claim.  (*See* Compl. ¶ 27).  "[T]he mere fact that an older employee was replaced by a younger one does not plausibly

---

[4]  This data is available on the CDC's website at https://covid.cdc.gov/covid-data-tracker/#vaccinations_vacc-people-booster-percent-pop5.  The Court can take judicial notice of CDC data regarding COVID-19.  *See, e.g.*, *Basank v. Decker*, 613 F. Supp. 3d 776, 786 (S.D.N.Y. 2020) (taking judicial notice of CDC data about the impacts of COVID-19 on different age and medical demographics); *L.T. v. Zucker*, No. 21-cv-1034, 2021 WL 4775215, at *1 (N.D.N.Y. Oct. 13, 2021) ("The Court takes judicial notice of facts regarding the spread and lethality of COVID-19 as reported by dependable public health authorities."); *see also* McClung Decl. Ex. 1.

indicate discriminatory motive." *See, e.g.*, *Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016) (summary order) (affirming dismissal of state and federal age discrimination claims); *see also Williams v. Victoria's Secret*, 2017 U.S. Dist. LEXIS 45813, at *21 (S.D.N.Y. March 28, 2017) (dismissing *pro se* plaintiff's age discrimination complaint because although the plaintiff "alleges that [he] was replaced with a younger employee, this, without more, is not enough to survive a motion to dismiss" (quotation marks omitted; alterations in original)); *Smith v. Metro. Museum of Art*, 2016 U.S. Dist. LEXIS 183342, at *5 (S.D.N.Y. Dec. 28, 2016), *aff'd* 697 Fed. Appx. 96 (2d Cir. 2017) (summary order) ("Even if the Court accepts plaintiff's conclusory allegation that he and another, member of the protected class were replaced by 'much younger' individuals, the pleadings 'allege no facts that would support an inference that this decision was made because of age.'").

For all of the foregoing reasons, Plaintiff has failed to state a plausible age discrimination claim under the ADEA or the NYHRL as they are insufficiently pled, and therefore must be dismissed.

## VI.   PLAINTIFF HAS FAILED TO STATE ANY PLAUSIBLE CLAIM FOR SEX, RACE, ETHNICITY OR NATIONAL ORIGINAL DISCRIMINATION UNDER THE NYHRL

### A.  Plaintiff Has Failed To Plead Any Plausible Claim of Disparate Treatment Under The NYHRL

With respect to Plaintiff's allegations that she was subjected to discrimination on the basis of her "ethnicity or national origin" those claims must also fail as Plaintiff has not even identified her ethnicity or national origin, let alone explained how she was treated differently than any other employee because of such characteristics. *See Jordan v. Greater Buffalo United Accountable Healthcare Network*, No. 20-cv-0067, 2021 WL 2419564 (W.D.N.Y. April 20, 2021) (granting motion to dismiss where plaintiff failed to identify a Title VII protected

14

characteristic or plead any facts to create an inference that any adverse actions by her employer were based upon a characteristic); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 1008) ("We typically treat Title VII and NYSHRL discrimination claims as analytically identical, applying the same standard of proof to both claims.").  Therefore, this claim must be dismissed.

With respect to the allegation that she was discriminated against because she is a female, Plaintiff's claims of sex discrimination under the NYHRL must be dismissed for failure to assert a plausible claim.  Plaintiff states that she "was a female over the age of 55" and that she was "treated differently than other employees in the terms and conditions of her employment in violation of the NY HRL because of her age, seniority,[5] ethnicity or national origin."  (*See* Compl. ¶¶ 57-58). However, Plaintiff offers no facts or explanation whatsoever regarding how she was treated any differently because of her sex.   Plaintiff offers no male comparators that were allegedly treated more favorably than her with respect to any terms or conditions of employment at all. In fact, Plaintiff offers no mention of her sex or the sex of any other employees anywhere else in the Complaint beyond her conclusory assertion that she "was a female over the age of 55…" (*See* Compl. ¶ 57).

"It is clear that 'naked assertions of discrimination without any specific factual allegation of a causal link between defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."  *Belton v. Borg & Ide Imaging, P.C.*, 512 F.Supp.3d 433 (W.D.N.Y. Jan. 12, 2021) (granting motion to dismiss where plaintiff failed to allege any disparate treatment).  Plaintiff admits that the College's vaccine mandate policy applied to all staff and that anyone who did not receive the booster shot or a medical/religious

---

[5]  Seniority is not a protected category under the NYHRL, and therefore, Plaintiff cannot based her claims on her seniority.  *See* N.Y. Exec. Law § 296.

exemption was subject to separation from employment.  (*See* Compl. ¶¶ 22, 26).  Based on Plaintiff's own admissions, the policy is facially neutral and applies equally to all staff.  Plaintiff also fails to identify any comparators of a different sex, ethnicity or national origin that were treated more favorably in any terms or conditions of employment, including but not limited to application of the COVID-19 booster policy, thereby further undermining any claim that any adverse employment action she was subjected to discriminatory treatment.

For all of these reasons, Plaintiff's NYHRL claims of unlawful discrimination on the basis of disparate treatment because of her ethnicity, national origin, and sex must be dismissed.

### B.  Plaintiff Has Failed to Plead a Plausible Claim of Hostile Work Environment Under the NYHRL

Plaintiff also asserts a hostile work environment claim on the basis of her "sex, race, ethnicity, or national origin" in violation of the NYHRL. (*See* Compl. ¶ 63).  Here too, Plaintiff has failed to offer any factual evidence in her Complaint to plead a plausible claim.

Under the NYHRL, it is unlawful to subject an individual to harassment because of an individual's sex, race, or national origin.  N.Y. Exec. § 296(1)(h).  "[S]uch harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories."  N.Y. Exec. Law § 296(1)(h).

However, Plaintiff does not identify her race, ethnicity, or national origin anywhere in the Complaint, and therefore, she has clearly not met her burden of pleading a claim of hostile work environment based on said characteristics since she does not connect any offensive conduct she alleges to have endured (if any offensive conduct at all) to any of these protected characteristics, and as such, this claim must be dismissed.

16

As to any claim of hostile work environment based on her sex, while Plaintiff identifies that she is a female, she provides absolutely no other explanation of any particular conduct that she alleges created a hostile work environment, or how any conduct she was subjected to was related to her sex in any way.   Plaintiff's Complaint contains no specific allegations of any conduct that Plaintiff perceived to be offensive or that she was otherwise alleged to have been subjected to because of her sex. Plaintiff has also failed to link any conduct she was subjected to in the workplace to her sex, and therefore, Plaintiff's sexual harassment claims must too be dismissed.

### C. Plaintiff's Aiding and Abetting Claims Against the Individual Defendants Must Be Dismissed for Failure to State a Plausible Claim

The NYHRL makes it unlawful for an employer to discriminate on the basis of any protected characteristics.  *See* N.Y. Exec. Law § 296.  The NYHRL further provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article."  *See* N.Y. Exec. Law § 296(6).  Under the "aiding and abetting" provision of the NYHRL, an individual employee who "actually participates in the conduct giving rise to a discrimination claim may be held personally liable." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995).  Plaintiff asserted "aiding and abetting" claims against the Individual Defendants.  (*See* Compl. ¶ 70).  However, those claims should be dismissed for the following reasons.

First, Plaintiff has failed to allege any underlying predicate violation of the NYHRL and therefore any claim for individual liability must also be dismissed.  *See Marcus v. Barilla America NY, Inc.*, 14 F. Supp.3d 108, 118 (W.D.N.Y. 2014) (dismissing hostile work environment and retaliation claims under NYHRL and Title VII and "[t]o the extent that plaintiff asserts an additional 'individual liability' claim against [supervisor], that claim is dismissed

because plaintiff has failed to allege any underlying predicate violation of her rights under the NYHRL.").

Second, Plaintiff's Complaint is completely devoid of any factual assertions whatsoever regarding the individual conduct or participation of any of the Individual Defendants.  Plaintiff simply makes the conclusory allegations that each of the Individual Defendants "directly participated in the conduct complained of" without any specific factual allegations.  This is simply insufficient to plausibly plead an aiding and abetting claim.  Accordingly, the NYHRL claims against the Individual Defendants must be dismissed.

## VII.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE WRONGFUL TERMINATION CLAIM

Plaintiff asserts a claim for "wrongful termination."  However, the Court of Appeals has "consistently declined to create a common-law tort of wrongful or abusive discharge, or to recognize a covenant of good faith and fair dealing to imply terms grounded in a conception of public policy into employment contracts."  *Horn v. N.Y. Times*, 100 N.Y.2d 85, 96 (2003); *see also Lobosco v. New York Tel. Co./NYNEX*, 96 N.Y.2d 312, 316 (2001) ("New York does not recognize the tort of wrongful discharge . . . [T]here is no exception for firings that violate public policy such as, for example, discharge for exposing an employer's illegal activities."); *Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 297 (1983) ("This court has not and does not now recognize a cause of action in tort for abusive or wrongful discharge of an employee; such recognition must await action of the Legislature.:).  Accordingly, "plaintiffs alleging wrongful discharge have not fared well."  *Sabetay v. Sterling Drug*, 69 N.Y.2d 329, 333 (1987) (holding that "an employment relationship is presumed to be a hiring at will" absent an express agreement to the contrary); *see also Baguer v. Spanish Broad. Sys., Inc.*, No. 04-cv-8393, 2007 WL 2780390, at *4 (S.D.N.Y. Sept. 20, 2007) ("[T]he New York Court of Appeals has unequivocally

held that there is no independent cause of action in tort for wrongful discharge of an employee."); *Shehab v. Chas. H. Sells, Inc.*, No. 04-cv-01534, 2006 WL 938715, at *6 (S.D.N.Y. Mar. 29, 2006) ("Mr. Shehab cannot prevail on a claim that he was wrongfully terminated because New York State does not recognize the tort of wrongful discharge.").  Accordingly, Plaintiff's claim for wrongful termination should be dismissed.

**VIII.     PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A DUE PROCESS CLAIM**

Plaintiff asserts a claim for "violation of due process rights under the U.S. constitution…"  (*See* Compl. ¶ 79).  The Fourteenth Amendment of the U.S. Constitution provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…"  *See* U.S. Const. Fourteenth Amendment.

Here, Plaintiff fails to state a plausible due process claim because she does not allege any state action.  As the Supreme Court has recognized, "[t]he Fourteenth Amendment of the Constitution…. is directed at the States, [so] it can be violated only by conduct that may be fairly characterized as 'state action.'"  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, at 923-24 (1982); *see also Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d 593, 610 (S.D.N.Y. 2015), *opinion reinstated on reconsideration*, No. 14-cv-4390, 2015 WL 6509112 (S.D.N.Y. Oct. 28, 2015) ("The Fourteenth Amendment is a protection against the denial of rights by state actors.  It is not a protection against the failure of a private employer to offer employment."); *Reeves v. Am. Optical Co.*, 408 F. Supp. 297, 302 (W.D.N.Y. 1976) (granting motion to dismiss constitutional claim because "[t]here is nothing alleged in the complaint which implies any State's involvement in inflicting the claimed damages upon plaintiff").  Accordingly, Plaintiff's due process claim should be dismissed.

## IX.   PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A BREACH OF CONTRACT CLAIM

Plaintiff has asserted a breach of contract claim against the College.[6]  "Under New York law, the elements of a cause of action for breach of contract are (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages suffered as a result of the breach."  *Transcience Corp. v. Big Time Toys*, *LLC*, 50 F. Supp. 3d 441, 450 (S.D.N.Y. 2014).   The second element is required because "one who breaches a contract may not seek to enforce other provisions of that contract to his or her benefit." *Onex Food Servs., Inc. v. Grieser*, No. 93-cv-0278, 1996 WL 103975, at *5 (S.D.N.Y. Mar. 11, 1996).  If the second element is not met (*i.e.*, where the plaintiff did not perform her contractual obligations), then the breach of contract claim should be dismissed.  *See, e.g.*, *Transcience Corp.*, 50 F. Supp. 3d at 450 (granting motion to dismiss because the complaint failed to plausibly establish that plaintiffs "adequately performed under the parties' agreements"); *Hotel Cap. LLC v. Wells Fargo Bank*, 35 Misc. 3d 1218(A), at *4 (Sup. Ct. Kings Co. April 26, 2012) (granting motion to dismiss because plaintiff did not perform its contractual obligations).

Here, Plaintiff alleges that she had "a written employment contract . . . [that] was subject to the provisions of the Keuka College faculty handbook and other policies."  (*See* Compl. ¶¶ 82-83).   Plaintiff further asserts that the College "implemented a policy requiring all faculty members to obtain a Covid-19 booster shot" subject to any "religious [or] medical exemption[s]."  (*See* Compl. ¶¶ 22, 85).   Plaintiff acknowledges that she did not obtain the COVID-19 booster shot by the deadline and does not allege that she applied for any religious or

---

[6]  It does not appear that Plaintiff is asserting the breach of contract claim against the other Defendants.  However, if she were, those claims must be dismissed because the other Defendants were not parties to the contract.  *See Hess Mobil Park v. Sear-Brown Assoc.*, 100 A.D.2d 730, 731 (4th Dep't 1984) (affirming dismissal of breach of contract claim against Leadbetter because "no claim is made that Leadbetter was a party to the August 8, 1975 contract…").  (*See also* Compl. ¶ 82 (admitting that the contract was between Plaintiff and the College).

medical exemptions.  (*See* Compl. ¶ 25).  Therefore, based on the factual allegations in the Complaint, Plaintiff had not adequately performed under her employment contract because she failed to comply with the College's policies.  Plaintiff cannot pick and choose which contractual terms should be enforced.  Plaintiff admits that she failed to comply with the College's vaccine booster policy and accordingly, she breached the employment contract.  "Plaintiff has therefore failed to plead a plausible breach of contract claim because the Complaint makes clear that Plaintiff did not perform on the contract."  *Maltbie's Garage Co., Inc. v. Gen. Motors LLC*, No. 21-cv-581, 2021 WL 4972738, at *7 (N.D.N.Y. Oct. 26, 2021) (granting motion to dismiss breach of contract claim).

## X.     PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A TORTIOUS INTERFERENCE WITH CONTRACT CLAIM

Plaintiff also asserts a tortious interference with contract claim based on her allegations that she "entered into a contract with Keuka College's affiliated international program."  (*See* Compl. ¶ 94).  However, this claim necessarily fails as a matter of law.  "It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract."  *Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157 (1ˢᵗ Dep't 1990). Therefore, a party cannot assert a tortious interference claim based on allegations that an entity interfered with a contract of a related entity.  *See id.* (holding that a "corporate parent… had a right to interfere with the contract of its subsidiary" and because the parent is "no stranger to the joint venture agreement," it cannot tortiously interfere with the contract).

Similarly, a company official cannot be held liable under a tortious interference theory for causing the company to breach a contract.  *See Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 744 N.Y.S.2d 384, 390 (1st Dep't 2002) (*"*As a matter of public policy, an officer or director of a corporation is not personally liable to one who has contracted

with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken.   To hold otherwise would be dangerous doctrine…"). Therefore, Plaintiff cannot assert tortious interference claims against the Individual Defendants.

For the foregoing reasons, Plaintiff's tortious interference claim should be dismissed with respect to all of the Defendants.

## XI.   IN THE ALTERNATIVE, IF THE COURT FINDS ANY STATE LAW CLAIMS ARE PLAUSIBLY PLEAD, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

Courts often dismiss both federal and state claims arising out the same factual allegations where they are not plausibly plead.  *See, e.g.*, *Shehab v. Chas. H. Sells, Inc.*, No. 04-cv-01534, 2006 WL 938715, at *6 (S.D.N.Y. Mar. 29, 2006) ("Because the state law in this case is clear and the parties have already engaged in extensive litigation, it would serve neither judicial economy, convenience, nor fairness to require the parties to begin anew in state court. Mr. Shehab cannot prevail on a claim that he was wrongfully terminated because New York State does not recognize the tort of wrongful discharge.").  However, if this Court dismisses all federal claims and finds any state law claim is plausibly plead, the Court should decline to exercise supplemental jurisdiction over such NYLL claims.  *See* 28 U.S.C. § 1367.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court grant its motion, dismiss Plaintiff's complaint in its entirety, and order any other further relief as the Court deems just and proper.

Dated:  May 25, 2023

                                                  BOND, SCHOENECK & KING, PLLC

                                                  By:   /s/ Katherine McClung

                                                          Katherine McClung, Esq.

                                                        Stephanie Fedorka, Esq.

                                        350 Linden Oaks, Third Floor

                                        Rochester, New York 14625

                                        Telephone: (585) 362-4700

                                        *Attorneys for Defendants*