UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   6:23-cv-06233-FPG
STACEY MIRINAVICIENE,

                        Plaintiff,

   -against-

KEUKA COLLEGE, AMY STOREY, BRADLEY FUSTER,
COLLEEN BERTRAND, ANN TUTTLE, ED SILVERMAN,
and KEUKA COLLEGE BOARD OF TRUSTEES,

                        Defendants.
-----------------------------------------------------------------X

*[FILED JUN 08 2023, MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY]*


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS


Stacey Mirinaviciene
Plaintiff pro se
114 Main Street
P.O. Box 225
Penn Yan, NY 14527

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

STATEMENT OF FACTS....................................................................................................1

ARGUMENT.........................................................................................................................4

        POINT I.     STANDARD OF PROOF FOR A MOTION TO DISMISS AN EMPLOYMENT DISCRIMINATION CASE..................................................................................4

        POINT II.    PLAINTIFF HAS PLED A PRIMA FACIE CASE FOR AGE DISCRIMINATION UNDER ADEA and NYSHRL..................................................................5

        POINT III.   DEFENDANTS HAVE SET FORTH NO VALID BASIS TO DISMISS PLAINTIFF'S ADEA OR NYSHRL CLAIM..................................................7

        POINT IV.   PLAINTIFF'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS UNDER NYSHRL SHOULD NOT BE DISMISSED..................................................8

        POINT V.    PLAINTIFF HAS SET FORTH A VALID BREACH OF CONTRACT CLAIM..........10

CONCLUSION....................................................................................................................12

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2002)..................................................................................6

*Farmer v. Shake Shack Enterprises, LLC*, 473 F.Supp.3d 309 (S.D.N.Y. 2020)......................8

*Kaplan v. Old Mut. PLC*, 526 F. App'x 70 (2d Cir. 2013)......................................................10

*Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007).............................4-5,9

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)...............................................6,8

*Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29 (2d Cir. 2016)............................................8

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).............................................................5

### Statutes and Other Authorities

Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA")..........................1,6,7,12

29 U.S.C. § 623(a)(1)..........................................................................................................5,8

   § 17:11.............................................................................................................................11

   § 17:13.............................................................................................................................11

Executive Law § 296 (New York State Human Rights Law) ("NYSHRL")...............1,6,7,8,12

Executive Law § 296(6)......................................................................................................1,8

Glen Banks, *New York Practice Series - New York Contract Law*, July 2022 Update § 17:15..........11

https://www.keuka.edu/academics/programs...................................................................6

Kenneth W. Taber, *New York Practice Series - Employment Litigation in New York*,
   August 2022 Update § 5.21.............................................................................................8

Rule 12(b)(6) of the Federal Rules of Civil Procedure..........................................................1

Sharon P. Stiller, *New York Practice Series - Employment Law in New York*, 2d ed.
   October 2022 Update § 4:370..........................................................................................8

## PRELIMINARY STATEMENT

Defendants move to dismiss the complaint, in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As shown more fully below, plaintiff can easily withstand the motion in regard to her Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and New York State Human Rights Law Claim, Executive Law § 296, *et seq.* ("NYSHRL") claims. Further, plaintiff's claims against each individual defendant, for aiding and abetting age discrimination, under § 296(6) can survive this motion. Further still, plaintiff demonstrates that, *contra* defendants' assertions, that she fully performed her duties under the contract, that the booster mandate was not a provision of the parties' contract, it was a proposed modification of an existing contract that plaintiff did not consent to. While Keuka College blatantly ignored the procedures for termination within the parties' contract, as such they are estopped from opposing plaintiff's breach of contract claim.

## STATEMENT OF FACTS

Plaintiff is proceeding pro se in this matter. Prof. Mirinaviciene duly filed a claim for age, gender, and national origin discrimination. On February 3, 2023, she was issued a right to sue letter by the EEOC. Thus, plaintiff has exhausted my administrative remedies to make claim for age, gender, and national origin discrimination.

Plaintiff is a certified public accountant, a certified forensic accountant, and holds a Master of Business Administration degree. She has worked as a professional accountant for over twenty years. In addition to my business experience, plaintiff has a long, distinguished academic career. Before coming to Keuka College in 2015, Prof. Mirinaviciene taught classes in Economics, all Accounting Disciplines, and Taxation in numerous colleges and universities throughout New York State.

Plaintiff was hired to teach accounting and received nothing but favorable reviews from

1

students, faculty, and administrators. She taught at Keuka College's International Summer Programs in 2015, '16, '19, and '20. In addition, Prof. Mirinaviciene served as a student advisor where I helped many students gain employment in the accounting profession. On August 16, 2021, plaintiff was granted tenure at Keuka College. She had contracts to teach for the 2020-21 and '21-'22 academic years.

Plaintiff was required by the contract to teach twelve hours per semester and no less than twenty-four hours per academic year, provide advisement and academic assistance to students, have professional growth, abide by all policies in the Faculty and Employment Handbook. Plaintiff fully performed all those duties and went way beyond mere compliance, thereof.

On or about December 21, 2021, plaintiff learned that Keuka College was requiring all faculty and staff to prove they received a Covid booster within thirty days, thereof or to obtain a religious or medical exemption.

Plaintiff, along with her representatives in the American Association of University Professors ("AAUP") communicated by phone, letter, and email that she needed more time to determine if it was safe for me to get a booster, for the following reasons: (1) she originally received the Johnson & Johnson vaccine and the booster was not J&J; (2) she suffered from diabetes and high blood pressure; (3) she was, at the time, sixty-six years old; (4) she was having difficulty making an appointment with a doctor in or near her home in Penn Yan, NY, due to the dearth of medical professionals in that area. Her own longtime doctor had retired.

Significantly, professors who taught only online classes were not required to get a booster. Plaintiff taught both online and in person classes. Prof. Mirinaviciene suggested that until she was cleared to get the booster, her in person courses could be given on-line.

2

Thus, plaintiff was "betwixt and between." She was never an anti-vaxxer, nor was she necessarily interested in getting a medical exemption. Plaintiff just wanted to be certain that it was safe for her to get a booster.

Keuka College refused to work with plaintiff, offer accommodation, etc. On March 10, 2022, plaintiff was terminated from my position and on March 31st, she lost her health insurance. Plaintiff was only able to get her own medical insurance on May 1, 2022. In June, she was finally able to make a doctor's appointment and, thereafter, get the booster.

Further, Keuka College completely ignored the provisions of the parties' contract that make specific reference to the Faculty and Employment Handbook. As a tenured professor, Prof. Mirinaviciene had a right to a hearing with a faculty committee. Keuka College was also required to work with her to reach accommodation. Defendants were fully cognizant that they were in breach of the contract, so in emails and correspondence to me and others, they refer to my termination as a "resignation." The American Association of University Professors ("AAUP") wrote three letters to defendants demanding my reinstatement, they ignored all of the letters.

Keuka College was aware she obtained a booster, but refused to let her return to work, instead they hired a younger, much less qualified, untenured person, i.e., upon information and belief, someone without a degree or background in accounting, to immediately take over my classes. He ended up teaching a diminished schedule of mostly online classes that plaintiff could have easily done.

Plaintiff believes that the booster mandate was a *pretext* to remove her due to her age. That is, she if she was not terminated due to my "noncompliance" with the booster mandate, Keuka College would have found another excuse to terminate my employment.

Several other faculty over forty years of age were terminated or harassed so much that

3

they resigned, including Dawn Grosso and Stan Wilzcek. Others found employment elsewhere. Upon information and belief, there are currently no other older, tenured professors remaining in the Business Management Program.

Conveniently and conspicuously, after plaintiff filed her EEOC complaint, Keuka College hired an older woman, who previously taught there, to take the place of the younger man who replaced me.

The following individuals named are named as individual defendants: Ed Silverman was my Division Chair during the events in question. He was in charge of all my work and all communications in my emails were with him; Coleen Bertrand was Vice President of Human Resources. She was the person who fired me and sent me letters that "I resigned"; Ann Tuttle served as Dean of International Programs, she cancelled my contract with China; Amy Storey was President of the college; and Bradley Fuster was College Provost and Vice President of Academic Affairs.

## ARGUMENT

### POINT I.
### STANDARD OF PROOF FOR A MOTION TO DISMISS AN EMPLOYMENT DISCRIMINATION CASE

The Second Circuit in *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) set forth the standards to be used by a district court in deciding a motion to dismiss an employment discrimination case, specifically, an Age Discrimination in Employment Act ("ADEA") case, to wit:

> In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court is to accept as true all facts alleged in the complaint. The court is to draw all reasonable inferences in favor of the plaintiff. The Supreme Court has held that, under the notice system of pleading established by the Federal Rules of Civil Procedure, an employment discrimination plaintiff need not plead a prima facie case of discrimination. Under Rule 8(a)(2), the pleading requirement is satisfied by a short and plain

4

> statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The Supreme Court has rejected the argument that allowing lawsuits based on conclusory allegations of discrimination would encourage disgruntled employees to sue and thereby overburden the courts. Whatever the practical merits of this argument, the Federal Rules do not contain a heightened pleading standard for employment discrimination suits. Therefore, in considering such a motion to dismiss, the appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims.

(citations and quotation marks omitted).

## POINT II.
## PLAINTIFF HAS PLED A PRIMA FACIE CASE FOR AGE DISCRIMINATION UNDER ADEA and NYSHRL

A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination. *Id.* at 237. On the pleading stage of a case, plaintiffs need not plead a *prima facie* case and may withstand a motion to dismiss by meeting a lesser standard. Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest. *Ibid.*; *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

In this case, plaintiff is a member of a protected class, i.e., she is over forty. She suffered an adverse employment action, i.e. termination. 29 U.S.C. § 623(a)(1); *Swierkiewicz*. And the circumstances support an inference of age discrimination. That is, plaintiff made it abundantly clear to her employer, Keuka College, that she needed more time to get a medical examination to decide if it was safe to get a booster. She offered to teach online, for her in person classes, until she was cleared to get the booster. Further, after she was examined and received the booster, Keuka College failed to reinstate her. She was replaced by a younger, less qualified

professor, who, upon information and belief, does not have qualification to teach her accounting classes. He ended up teaching a diminished case load, mostly online, which plaintiff could have easily completed. Further still, other older tenured faculty were terminated or forced out, such that no one in her division, the Business Management Program. *See,* https://www.keuka.edu/academics/programs.

Given that plaintiff has set forth a prima facie case for age discrimination in employment, where that is beyond what is required at the pleading stage, *a fortiori*, in the case at bar, plaintiff can easily withstand defendants' motion to dismiss.

Plaintiff notes that since the Supreme Court decided *Swierkiewicz*, another important decision came down regarding standards for motions to dismiss, *viz., Ashcroft v. Iqbal*, 556 U.S. 662 (2002). The Second Circuit in *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) held that *Iqbal* applies in the Title VII context — although not necessarily to the ADEA. Regardless, assuming the *Littlejohn* standard applies to plaintiff's claim under ADEA, plaintiff must make the following showing to withstand a motion to dismiss:

> . . . at the initial stage of the litigation—prior to the employer's coming forward with the claimed reason for its action—the plaintiff does not need substantial evidence of discriminatory intent. If she makes a showing (1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.

795 F.3d at 311 (citations omitted). As shown above, plaintiff has more than met this burden.

Defendants concede that the legal standards governing age discrimination claims under the NYSHRL have long been considered to be identical to those under the ADEA. Defs' Mem of Law, pp. 11-12. Thus, plaintiff has also met her burden to withstand defendants' motion to dismiss her NYSHRL claim.

6

## POINT III.
### DEFENDANTS HAVE SET FORTH NO VALID BASIS TO DISMISS PLAINTIFF'S ADEA OR NYSHRL CLAIM

To prevail on their motion, defendants mischaracterize and misstate plaintiff's factual claims in their Memorandum of Law, pp. 11-14, in order to create a strawman that they can tear down.  Further, the cases cited in support of their position are inapposite.

To repeat plaintiff's allegations:  she made it abundantly clear to her employer, Keuka College, that she needed more time to get a medical examination to decide if it was safe to get a booster.  She offered to teach online, for her in person classes, until she was cleared to get the booster.  Further, after she was examined and received the booster, Keuka College failed to reinstate her.  She was replaced by a younger, less qualified professor, who, upon information and belief, does not have qualification to teach her accounting classes.  He ended up teaching a diminished case load, mostly online, that plaintiff could have easily accomplished.  Further still, other older tenured faculty were terminated or forced out, such that no one in her division, the Business Management Program.

Yes, the booster mandate, itself, was facially neutral and is *manifestly not* the linchpin of plaintiff's claim.  It was how defendants dealt with plaintiff when she stated she need more time to get a medical opinion, that support an inference of age discrimination.  Specifically, defendants' refusal to let her teach her in person classes online until she got the booster; defendants' refusal to reinstate her after she got the booster; defendants' immediately replacing her with a younger, less qualified — or not qualified at all — colleague; and other tenured faculty in her division, also being terminated or forced out, all demonstrate a plausible ADEA claim.

Defendants' other misstatement and mischaracterization is that the *only* evidence that

7

supports plaintiff's case for ADEA is that she was replaced by a younger, less experienced, less qualified professor. This is simply false, as shown above. Even if that was true, as noted in Kenneth W. Taber, *New York Practice Series - Employment Litigation in New York*, August 2022 Update § 5.21, in *Littlejohn*

> the court concluded that plaintiff Littlejohn had alleged in her complaint that she was demoted and replaced by a white employee who was less qualified for the job. These allegations were sufficient to make plausible her claim that she was demoted under circumstances giving rise to an inference of discrimination.

Defendants cite *Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016), and two district court cases, Defs' Mem of Law, pp. 13-14, for the proposition that the replacement of plaintiff by a younger employee, without more, does not support an inference of discrimination. Once again, plaintiff is not solely relying on this fact, alone. There are several data points that support such an inference.

### POINT IV.
### PLAINTIFF'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS UNDER NYSHRL SHOULD NOT BE DISMISSED

Defendants correctly state that "The NYHRL further provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article." See N.Y. Exec. Law § 296(6). Defs' Mem of Law, p. 17. Sharon P. Stiller, *New York Practice Series - Employment Law in New York*, 2d ed. October 2022 Update § 4:370 notes:

> . . . in August 2019, the NYSHRL was amended to direct courts to construe the NYSHRL, like the NYCHRL, "liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws including those laws with provisions worded comparably to the provisions of [the NYSHRL] have been so construed." The amendment took effect on the signing date, August 12, 2019, although other parts of the omnibus bill containing it took effect on October 11, 2019. *There is a question as to how these amendments affect the interpretation of aiding and abetting liability.*

8

(emphasis added) (footnotes omitted).

The upshot of this is that this Court should construe plaintiff's allegations of aiding and abetting discrimination liberally, certainly at the pleadings stage. In a case decided after this change in the law, the Court in *Farmer v. Shake Shack Enterprises, LLC*, 473 F.Supp.3d 309, 337 (S.D.N.Y. 2020) held as follows:

> To make out an aiding and abetting claim, the pleadings must allege that defendant actually participated in the conduct giving rise to a discrimination claim. The Second Circuit has held that a co-worker who actually participates in the conduct giving rise to a discrimination claim can be held liable under the NYSHRL . . . even though that co-worker lacked the authority to either hire or fire the plaintiff. This extends to personal liability for aiding and abetting allegedly unlawful discrimination by an employer even where an individual defendant's actions serve as the predicate for the employer's vicarious liability, so long as the employer's conduct has also been found to be discriminatory under the NYSHRL.

(citations and punctuation marks omitted).

The complaint shows that each individual defendant participated in the conduct that gave rise to the discrimination claim. Plaintiff has enumerated each individual's role in her certification in opposition. Thus, plaintiff's claims against each should withstand defendants' motion.

Defendants for their part, Mem of Law, pp. 17-18, seem to argue there can be no individual liability for the individual defendants as the underlying claim for age discrimination. This, as shown above, is false. They added, without any citation to authority of any kind that:

> Second, Plaintiffs Complaint is completely devoid of any factual assertions whatsoever regarding the individual conduct or participation of any of the Individual Defendants. Plaintiff simply makes the conclusory allegations that each of the Individual Defendants "directly participated in the conduct complained of" without any specific factual allegations. This is simply insufficient to plausibly plead an aiding and abetting claim. Accordingly, the NYHRL claims against the Individual Defendants must be dismissed.

As stated *supra.*, p. 4, in considering such a motion to dismiss, the appropriate inquiry is not

9

whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims. *Kassner*.

## POINT V.
## PLAINTIFF HAS SET FORTH A VALID BREACH OF CONTRACT CLAIM

Defendants set forth the elements of an action for breach of contract: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages suffered as a result of the breach. Defs' Mem of Law, p. 20. Defendants aver that plaintiff did not perform her duties under the parties' contract and therefore cannot set forth a claim for breach of contract. Importantly, defendants concede she has met the other elements.

Unfortunately for defendants, this is a blatant falsehood. Plaintiff was required by the contract to teach twelve hours per semester and no less than twenty-four hours per academic year, provide advisement and academic assistance to students, have professional growth, abide by all policies in the Faculty and Employment Handbook. Plaintiff fully performed all those duties and went way beyond mere compliance, thereof.

*Significantly*, the booster mandate was implemented in December 21, 2021. Defs' Mem of Law, p. 1. Said policy was a new policy not listed in either the Faculty or the Employment Handbook. Thus, plaintiff's alleged noncompliance with that policy *was not a breach of contract*. Rather, the booster policy was a *unilateral* modification of the parties' contract.

It is well settled under New York State law parties may modify a contract by another agreement, by course of performance, or by conduct amounting to waiver or estoppel. *Kaplan v. Old Mut. PLC*, 526 F. App'x 70, 72 (2d Cir. 2013). Contract modification requires proof of each element requisite to the formation of a contract, including a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Ibid*. In this case, none of these elements were present. There was no other

10

agreement, no course of performance, or conduct amounting to a waiver or estoppel. In essence, Defendant Kueka College proposed a modification of the parties' contract, plaintiff rejected it.

Further, even if defendants want to characterize plaintiff's "breach" of a provision that is not anywhere in the contract, as a breach of contract, then it is a nonmaterial breach. The right of a party to enforce a contract should not be forfeited or lost by reason of technical, inadvertent, or unimportant omissions or defects. Glen Banks, *New York Practice Series - New York Contract Law*, July 2022 Update § 17:15. To the contrary, a material is so substantial it defeats the purpose of the entire transaction. *Id.* § 17:11. In this case, a material breach would be something like Prof. Mirinaviciene's refusal to teach a class, or refusal to help any students, or even a refusal to meet with colleagues.

On the contrary, Keuka College materially breached the parties' contract. It failed to give plaintiff a hearing before a faculty committee, as spelled out in the Faculty and Employment Handbooks. It further failed to work with plaintiff to reach accommodation. Defendants were fully cognizant that they breached the contract, so they referred to their termination of plaintiff in correspondence and emails as a "resignation." By defendant Keuka College's own reasoning, they are estopped from opposing plaintiff's breach of contract claim. It is well settled that a party who materially breaches a contract may not seek to enforce other provisions of that contract. *Id.* § 17:13; Defs' Mem of Law, p. 21.

## CONCLUSION

Plaintiff has shown beyond cavil that she has pled all the elements of an ADEA and NYSHRL claim for age discrimination to withstand defendants' motion. Further, she established that the individual defendants' liability for aiding and abetting age discrimination under the NYSHRL must survive. Finally, plaintiff has established that she has a valid claim for breach of contract. Contrary to defendants' assertions, the booster mandate was not a part of the parties' written agreement nor a material element thereof. It is merely a proposed modification of the agreement that was not consented to. Or it was a nonmaterial breach which would not preclude plaintiff from going forward with her claim. Regardless, defendant Keuka College is estopped from opposing plaintiff's breach of contract claim as they are in breach, themselves.

Dated: Penn Yan, NY
       June 5, 2023

Respectfully submitted,

Stacey Mirinaviciene
Plaintiff pro se

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   6:23-cv-06233-FPG
STACEY MIRINAVICIENE,

                                                  Plaintiff,        **CERTIFICATION IN OPPOSITION TO MOTION**

   -against-

KEUKA COLLEGE, AMY STOREY, BRADLEY FUSTER,
COLLEEN BERTRAND, ANN TUTTLE, ED SILVERMAN,
and KEUKA COLLEGE BOARD OF TRUSTEES,

                                             Defendants.
----------------------------------------------------------------X

       STACEY MIRINAVICIENE, certifies under penalty of perjury that the following is true and correct, under penalty of perjury:

       1.     I am pro se plaintiff in this matter. This certification is made in opposition to defendants' motion to dismiss. As such, I shall limit myself to demonstrating that I have a viable cause of action under federal law.

       2.     All of the information is contained in my complaint.

       3.     I duly filed a claim for age, gender, and national origin discrimination. On February 3, 2023, I was issued a right to sue letter by the EEOC. Thus, I have exhausted my administrative remedies to make claim for age, gender, and national origin discrimination.

       4.     I am a certified public accountant, a certified forensic accountant, and hold a Master of Business Administration degree. I have worked as a professional accountant for over twenty years.

       5.     In addition to my business experience, I have a long, distinguished academic career. Before coming to Keuka College in 2015, I taught classes in Economics, all Accounting Disciplines, and Taxation in numerous colleges and universities throughout New York State.

6. I was hired to teach accounting and received nothing but favorable reviews from students, faculty, and administrators. I taught at Keuka's International Summer Programs in 2015, '16, '19, and '20. I also served as a student advisor where I helped many students gain employment in the accounting profession.

7. On August 16, 2021, I was granted tenure at Keuka. I had a contract to teach for the 2020-21 and had another contract for '21-'22.

8. I was required by the contract to teach twelve hours per semester and no less than twenty-four hours per academic year, provide advisement and academic assistance to students, have professional growth, abide by all policies in the Faculty and Employment Handbook. I fully performed all those duties and went way beyond mere compliance, thereof.

9. On or about December 21, 2021, I learned that Keuka was requiring all faculty and staff to prove they received a Covid booster within thirty days, thereof or to obtain a religious or medical exemption.

10. I, along with my representatives in the American Association of University Professors ("AAUP") communicated by phone, letter, and email that I needed more time to determine if it was safe for me to get a booster, for the following reasons: (1) I originally received the Johnson & Johnson vaccine and the booster was not J&J; (2) I suffer from diabetes and high blood pressure; (3) I was, at the time, sixty-seven years old; (4) I was having difficulty making an appointment with a doctor in or near her home in Pen Yan, NY, due to the dearth of medical professionals in that area.

11. Significantly, professors who taught only online classes were not required to get a booster. I taught both online and in person classes. I suggested that until I was cleared to get the booster, my in person courses could have been given on-line.

2

12. Further, I was "betwixt and between." I was never an anti-vaxxer, nor was I necessarily interested in getting a medical exemption. I just wanted to be certain that it was safe for me to get a booster.

13. Keuka refused to work with me, offer accommodation, etc. On March 10, 2022, I was terminated from my position and on March 31st I lost my insurance. It was only able to get my own medical insurance on May 1, 2022. In June, I was finally able to make a doctor's appointment and, thereafter, get the booster.

14. Keuka College completely ignored the provisions of my parties' contract that make specific reference to the Faculty and Employment Handbook. As a tenured professor, I had a right to a hearing with a faculty committee. Keuka College was also required to work with her to reach accommodation. Defendants were fully cognizant that they were in breach of the contract, so in emails and correspondence to me and others, they refer to my termination as a "resignation."

15. Keuka was aware I obtained a booster, but refused to let me return to work, instead they hired a younger, much less qualified, untenured person, i.e., upon information and belief, someone without a degree or background in accounting, to immediately take over my classes. He taught mostly online classes and had a reduced schedule that plaintiff could have easily done.

16. The American Association of University Professors ("AAUP") wrote three letters to defendants demanding my reinstatement, they ignored all of the letters.

17. I believe through discovery, I will be able to prove at trial, if not by summary judgment that this booster mandate was a *pretext* to remove me due to my age. Several other faculty over forty years of age were terminated or harassed so much that they resigned, this

3

includes:  Dawn Grosso, Stan Wilzcek, Debra Gregory, Kim DeRubi, and Steven Barber.  I believe there are currently no other older, tenured professors remaining in the Business and Accounting Department.

18. Conveniently and conspicuously, after I filed my EEOC complaint, Keuka hired an older woman, who previously taught there, to take the place of the younger man who replaced me.

19. Defendants raised questions about each individual defendants' role in this matter.  To wit:  Edd Silverman was my Division Chair during the events in question.  He was in charge of all my work and all communications in my emails were with him; Coleen Bertrand was Vice President of Human Resources.  She was the person who fired me and sent me letters that "I resigned"; Ann Tuttle served as Dean of International Programs, she cancelled my contract with China; Amy Storey was President of the college; and Bradley Fuster was College Provost and Vice President of Academic Affairs.

20. I verily believe if I was not terminated due to my "noncompliance" with the booster mandate, Keuka would have found another excuse to terminate my employment.

Executed on May 30, 2023

_____
Stacey Mirinaviciene

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   6:23-cv-06233-FPG
STACEY MIRINAVICIENE,

                        Plaintiff,      **CERTIFICATION OF SERVICE**

    -against-

KEUKA COLLEGE, AMY STOREY, BRADLEY FUSTER,
COLLEEN BERTRAND, ANN TUTTLE, ED SILVERMAN,
and KEUKA COLLEGE BOARD OF TRUSTEES,

                        Defendants.
------------------------------------------------------------X

       STACEY MIRINAVICIENE, certifies under penalty of perjury that the following is true and correct, under penalty of perjury:

       On June 5, 2023, I served true and complete copies the within Certification in Opposition to Defendants' Motion and Memorandum of Law in Opposition upon:

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
350 Linden Oaks, Third Floor
Rochester, New York 14625

by first class mail.

Executed on June 5, 2023

                                                           _____
                                                           Stacey Mirinaviciene