UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STACEY S. MIRINAVICIENE,

Plaintiff,

23-CV-6233-FPG

v.

DECISION AND ORDER

KEUKA COLLEGE, et al.,

Defendants.

**INTRODUCTION**

*Pro se* Plaintiff Stacey S. Mirinaviciene brings this employment discrimination action against her former employer, Keuka College, as well as other defendants associated with, or employed by, the college. ECF No. 1. Presently before the Court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. For the reasons that follow, Defendants' motion to dismiss is GRANTED to the extent discussed below.

**BACKGROUND**

The following facts are taken from the complaint, unless otherwise noted. Prior to her termination, Plaintiff was a tenured professor of accounting at Keuka College. ECF No. 1 at 10. Plaintiff's work during the 2021-2022 school year was governed by an employment agreement. *Id.*

On December 21, 2021, Keuka College instituted a "booster mandate," under which all faculty members were required to prove that they have received a "booster" shot against COVID-19 within thirty days. *Id.* at 11. Faculty and staff could obtain religious and medical exemptions, and faculty who taught classes online were not subject to the mandate. Plaintiff alleges that Keuka College's policy "called for the unconditional termination of any faculty" who did not receive the booster shot within 60 days after the original notice. *Id.* at 12.

When Plaintiff learned of the mandate, she notified the college that, due to her medical conditions, she would first need to obtain a medical examination to confirm whether and which "booster" to take. Plaintiff could not obtain an appointment quickly given the lack of medical infrastructure in the area, however. *See id.* at 11. Plaintiff requested extensions of the deadline in light of these extenuating circumstances, but the college refused. On March 10, 2022, Keuka College terminated Plaintiff's employment. Plaintiff alleges that, in terminating her, Keuka College ignored her contractual rights to pre-termination due process. *Id.* at 12.

Plaintiff posits that the mandate was, in fact, a scheme to replace older, tenured faculty with "younger, less experienced and less expensive non-tenured and adjunct faculty." ECF No. 1 at 11. She alleges that Keuka College replaced her with a "younger and untenured professor" who taught classes "mostly online" and enjoyed a "decreased teaching schedule." *Id.* at 12. Plaintiff also alleges that unidentified "others" were "given special consideration under the now defunct policy." *Id.* at 14-15.

For the 2022-2023 academic year, Keuka College eliminated its covid-vaccination policy. Plaintiff states that this change should "come[] as no great surprise," because the policy was shown to be "without rational basis" and "at best arbitrary and capricious." *Id.* at 13-14.

Plaintiff filed the present action in May 2023. ECF No. 1. She brings federal-law claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[1] ECF No. 1 at 1. Plaintiff additionally brings several state-law claims, including for breach of contract, wrongful termination, and violation of New York's Human Rights Law.

---

[1] Plaintiff also raises a claim for violation of her due-process rights under the U.S. Constitution. ECF No. 1 at 21-22. Because Defendants are all private parties, that claim fails as a matter of law. *See Phillips v. Sage Colls.*, 83 F. App'x 340, 341 (2d Cir. 2003) (summary order) ("With the exception of the Thirteenth Amendment prohibition against slavery, the United States Constitution regulates only government action, not that of private parties.").

**LEGAL STANDARD**

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

**DISCUSSION**

Defendants move to dismiss Plaintiff's complaint in its entirety. ECF No. 3. In the alternative, they request that the Court dismiss the federal-law claims and decline to exercise supplemental jurisdiction over the state-law claims. ECF No. 3-3 at 29. The Court agrees that the federal-law claims must be dismissed and that supplemental jurisdiction should not be exercised over the state-law claims.

**I. Title VII Claims**

Construed liberally, Plaintiff appears to allege in her first claim that Defendants engaged in discrimination on the basis of "sex, age, [and] national origin," in violation of Title VII of the Civil Rights Act of 1964. ECF No. at 16. In her second claim, Plaintiff alleges that she was subjected to a hostile work environment in violation of Title VII. These claims fail for several reasons.

First, age "is not a protected characteristic under Title VII," *Addo v. N.Y. Health & Hosps. Corp.*, No. 15-CV-8103, 2017 WL 4857593, at *5 (S.D.N.Y. Oct. 25, 2017), and therefore an

employer does not violate Title VII even if it discriminates on the basis of age. Rather, Title VII protects against employment discrimination arising from an employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA is the proper vehicle for an age-discrimination claim. *See Jones-Khan v. Westbury Bd. of Educ. – Pless Dickerson*, No. 21-CV-3908, 2022 WL 280646, at *4 n.7 (E.D.N.Y. Jan. 31, 2022).

Second, with respect to any characteristics protected under Title VII, Plaintiff does not allege that Defendants terminated her employment—or otherwise engaged in any adverse employment action against her—because of her race, color, religion, sex, or national origin. *See generally* ECF No. 1. In her opposition memorandum, Plaintiff does not argue otherwise. *See* ECF No. 5. Thus, any Title VII claim must be dismissed for failure to state a plausible claim for relief.

Third, the Title VII claims are subject to dismissal because they are unexhausted. "Before filing a Title VII claim in federal court, a plaintiff must exhaust all available administrative remedies. An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge." *Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649 (2d Cir. 2011) (summary order) (internal citation omitted). Plaintiff's charge only alleges age and disability discrimination, ECF No. 3-2,[2] and so "failed to provide the EEOC with sufficient notice to investigate" the sex or national-origin discrimination referenced in the complaint. *Id.*

Fourth, Plaintiff cannot succeed on a Title VII against any of the individual defendants because "Title VII does not provide for individual liability." *Cayemittes v. City of N.Y. Dep't of Housing Preservation & Dev.*, 641 F. App'x 60, 62 (2d Cir. 2016) (summary order).

[2] The Court may consider Plaintiff's discrimination charge, which is referenced in the complaint and attached to Defendants' motion to dismiss. *See Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006).

For these reasons, Plaintiff's Title VII claims are dismissed.

## II. ADA Claim

Plaintiff's ADA claim is premised on her inability to obtain a medical appointment before the college's booster-shot deadline. As a diabetic who had obtained the Johnson & Johnson vaccine, Plaintiff wanted to speak with her medical provider "before deciding if she should receive a booster and which booster to take." ECF No. 1 ¶ 23. Plaintiff suggests that it was difficult to quickly obtain a medical appointment in the area surrounding Keuka College and Penn Yan, and therefore she was unable to obtain an appointment or speak to her provider by the deadline, which resulted in her violation of the college's mandate and, consequently, her termination. *Id.* Plaintiff argues that Keuka College violated the ADA when it failed to grant her an accommodation, *i.e.*, an extension to the mandate deadline.[3] *See* ECF No. 3-2 at 3-4.

The Court may accept that Plaintiff has sufficiently alleged a disability—namely, diabetes. *See Hensel v. City of Utica*, No. 15-CV-374, 2017 WL 2589355, at *4 (N.D.N.Y. June 14, 2017). Nevertheless, Plaintiff has failed to sufficiently allege a causal connection between that disability and the accommodations she requested.

"A plaintiff's failure to establish a nexus between her qualifying disability and her request for an accommodation is fatal to a claim for failure to accommodate." *Sosa v. N.Y.C. Dep't of Educ.*, 406 F. Supp. 3d 266, 269 (E.D.N.Y. 2019). A plaintiff's proposed accommodation must "flow[] directly from the disability itself," such that the employer's refusal to accommodate can reasonably be found to be "*because* of the disability." *Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 105 (2d Cir. 2003) (emphasis added). This requirement emanates from the purpose of the ADA,

[3] The Court does not read Plaintiff's complaint to allege that, standing alone, Keuka College's booster-shot mandate, or its decision to terminate Plaintiff for violating that mandate, constituted disability discrimination under the ADA. Plaintiff concedes that the college's mandate contained a medical exemption, ECF No. 1 at 11, and that, ultimately, her disability did not preclude her from obtaining the booster shot (and thus complying with the college's mandate). *Id.* at 12. Nor does Plaintiff raise any allegations that would reasonably permit the inference that the mandate or termination decision were wielded in such a way as to discriminate against employees with disabilities.

which is to put "people with disabilities . . . on an even playing field with the non-disabled." *Id.* Its purpose is not to "authorize a preference for disabled people generally." *Id.*

The case of *Sosa v. N.Y.C. Department of Education*, 819 F. App'x 30 (2d Cir. 2020) (summary order), is illustrative. There, a special education teacher brought suit after the New York City Department of Education allegedly refused to reasonably accommodate her disability—a hernia. *See Sosa*, 819 F. App'x at 32. The teacher had requested that an aggressive student be removed from her class because she "feared re-injury following hernia-related surgery." *Id.* at 33. That request was denied, and the teacher sued under the ADA. The Second Circuit affirmed the dismissal of that claim at summary judgment. *Id.* at 34. It reasoned that, although the hernia was a disability protected under the ADA, the statute did not protect her "fear of reinjury some seven months after her hernia surgery." *Id.* at 33. Citing *Felix*, the court noted that a failure-to-accommodate claim is properly dismissed were the accommodation does not "flow[] directly from [the] disability." *Id.* at 33-34. Thus, even though the teacher's requested accommodation could be said to arise from, and be related to, her hernia, the Second Circuit found the nexus between accommodation and disability too indirect to merit protection under the ADA.

A similar analysis prevails in this case. Plaintiff's requested extension could be said to arise from, and be related to, her diabetes, insofar as she decided to seek a medical appointment because of her condition. *See* ECF No. 1 at 11. Nevertheless, the nexus is too indirect, as Plaintiff's diabetes did not prevent her from obtaining a medical appointment (and therefore timely complying with the college's booster mandate). Rather, as alleged, the only reason Plaintiff required an extension was because of the difficulty that residents in the Penn Yan area face to obtain a timely medical appointment. *See id.* Plaintiff does not allege that this difficulty is unique to diabetics or to those with physical or mental disabilities more generally. In other words, the impediment that Plaintiff faced did not flow "directly" from her disability. *Felix*, 324 F.3d at 105.

Plaintiff herself remarks that this difficulty is something of which "those in Keuka College are well aware." ECF No. 1 at 11. Given that, apparently, any local employee who sought to speak with a medical provider before obtaining the booster shot would have faced the same time pressure, Plaintiff has not plausibly alleged an unlawful failure to accommodate under the ADA. *See Schoengood v. Hofgur LLC*, No. 20-CV-2022, 2021 WL 1906501, at *5 (E.D.N.Y. May 12, 2021) (plaintiffs' proposed changes to COVID-19 protocols did not constitute reasonable accommodations under the ADA, where plaintiffs failed to articulate how their disabilities necessitated the changes, as opposed to all "residents warranting the same changes to the COVID-19 protocols at the facility"). At most, Plaintiff simply sought a preferential benefit to a seemingly widespread issue because she "happens to be disabled." *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 110 (1st Cir. 2005) (Howard, J., concurring in part and concurring in judgment). The ADA does not mandate that an accommodation be provided under that circumstance. *See Gribbin v. N.Y.C. Unified Ct. Sys.*, No. 18-CV-6100, 2020 WL 3414663, at *6 (E.D.N.Y. June 22, 2020) ("Plaintiff's disability entitles her neither to her preferred outcome nor to a preferential standard.").

Accordingly, Plaintiff's ADA claim is dismissed.

## III. ADEA Claims

Although Plaintiff acknowledges that, ostensibly, she was terminated for her violation of Keuka College's booster mandate, she alleges that the mandate was in fact a scheme to "oust" old faculty from the college and replace them with "younger, less experienced and less expensive non-tenured and adjunct faculty." ECF No. 1 at 11. On this basis, Plaintiff alleges that her termination for failure to comply with the booster mandate violated the ADEA. *See id.* at 1, 10-11.

"To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was

the 'but-for' cause of the adverse action." *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) (internal quotation marks omitted). "The plaintiff need not prove discrimination, or even allege facts establishing every element of a prima facie case of discrimination, but [] must plead facts that give plausible support to a minimal inference of the requisite discriminatory causality." *Id.* (internal quotation marks omitted). "More specifically, the plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the conceivable to the plausible." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has failed to plausibly allege that her age was a "but-for" cause of her termination. The only nonspeculative, nonconclusory allegation that Plaintiff proffers in support of this claim is that she was replaced by a "younger and untenured professor." ECF No. 1 at 12. However, "[t]he replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination."[4] *Dolac v. Cnty. of Erie*, No. 20-2044, 2021 WL 5267722, at *3 (2d Cir. Nov. 12, 2021). Setting that fact aside, Plaintiff's complaint includes no allegation that would support even a "minimal inference of the requisite discriminatory causality." *Downey*, 238 F. Supp. 3d at 519 (internal quotation marks omitted). While Plaintiff alleges "upon information and belief" that the vaccination policy was used to "eliminate tenure track positions" and discriminate due to "age and seniority," ECF No. 1 at 14-15; *see also id.* at 11, the Court must disregard these conclusory assertions. *See DiPizio v. Empire State Dev. Corp.*, 745 F. App'x 385,

[4] Likewise, the Court does not find relevant Plaintiff's claim that her younger replacement taught classes "mostly online," which she believes she "could have easily done." ECF No. 1 at 12. Plaintiff's claim of differential treatment does not permit an inference of age discrimination. If Keuka College had let Plaintiff's younger replacement teach online classes *exclusively* so as to avoid the vaccination mandate, but had refused to let Plaintiff do so, such an inference may be permissible. *See Williams v. PMA Cos., Inc.*, 564 F. Supp. 3d 32, 50-51 (N.D.N.Y. 2021) (discussing use of comparators to draw inference of age discrimination). But as alleged, this younger replacement was apparently required to teach some amount of in-person classes, and Plaintiff does not allege that the replacement failed to comply with the vaccination mandate. *See* ECF No. 1 at 11-12. As she concedes, Plaintiff was not in compliance with the mandate. Accordingly, without more supporting facts, the Court is unable to find the inference that Plaintiff wishes to draw reasonable.

390 (2d Cir. 2018) (summary order) ("Conclusory statements in a complaint are not entitled to an assumption of truth." (internal quotation marks and brackets omitted)).

Finally, throughout her complaint, Plaintiff criticizes the rationale for the vaccination policy, calling it "draconian," "ill-conceived," and unscientific. ECF No. 1 at 11. Even if true, Plaintiff fails to articulate how this supports an inference of age discrimination. "Because courts are not super-personnel departments who sit in judgment of management decisions, it is of no moment if the employer's reasoning is incorrect, foolish, trivial or even baseless." *Brooks v. Avancez*, 39 F.4th 424, 436 (7th Cir. 2022) (internal quotation marks omitted). To the extent Keuka College imposed an irrational, strictly enforced vaccination policy, it was an irrational policy that applied to all employees working in person—young and old, untenured and tenured—and the ADEA "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 825 (1st Cir. 1991). Plaintiff fails to provide sufficient factual allegations to support her claim that the college's policy was intended to, or wielded in such a manner as to, discriminate against older faculty. Absent such allegations, Plaintiff's ADEA claim must be dismissed.

## IV. State-Law Claims

The Court declines to substantively address Plaintiff's state-law claims at this time. The basis for the Court's subject matter jurisdiction over this action is federal-question jurisdiction. ECF No. 1 at 8. The Court has supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(a). Under Section 1367(c)(3), a court may decline to exercise supplemental jurisdiction over such state-law claims where the court has "dismissed all claims over which it has original jurisdiction." Because the Court has dismissed all of Plaintiff's federal-law claims, it must

decide whether to exercise supplemental jurisdiction over Plaintiff's state-law claims before addressing the merits of those claims.

The Court intends to conclude that this case "is not a proper instance to exercise such discretion." *See Shovah v. Mercure*, 44 F. Supp. 3d 504, 513 (D. Vt. 2014). "In deciding whether to exercise its supplemental jurisdiction, a district court should balance the traditional values of judicial economy, convenience, fairness, and comity." *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015). The relatively early stage of this litigation, including the fact that discovery has not yet occurred, counsels in favor of declining to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Astra Media Group, LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) ("[W]e have generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims."); *see also Jordan*, 91 F. Supp. 3d at 511 (noting that "[b]oth the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the state claims should be dismissed as well" (internal quotation marks & citations omitted)). Although the parties have invested some additional effort into this litigation by filing pre-answer cross-motions for summary judgment, that fact does not sway the Court in a different direction. ECF Nos. 12, 14. The Court can discern no "extraordinary inconvenience" or "inequity" occasioned by permitting Plaintiff's state claims to be refiled in state court, despite the presence of these motions. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123-24 (2d Cir. 2006). The parties' efforts would not be wholly wasted even if the Court declined to exercise supplemental jurisdiction, as the parties would be free to present those same arguments and exhibits in state court. Ultimately, absent the federal-law claims, what is presented in this case are state-law disputes between state residents over an employment relationship entered into, performed, and terminated within the state.

Accordingly, the Court intends to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and intends to dismiss the state-law claims without prejudice to refiling in state court. However, the Court will defer any final ruling until Plaintiff has had an opportunity to decide whether she would like to amend her complaint. *See* Section V, *infra*.

**V. Leave to Amend**

"A pro se complaint should not be dismissed without [] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (internal quotation marks and brackets omitted). In this case, while Plaintiff's complaint is insufficient to plausibly allege any federal-law claim, Plaintiff alludes to additional facts in her opposition memorandum, which are not set forth in her complaint, that may support one or more of those claims. *See, e.g.*, ECF No. 5 at 6-7 (discussing harassment of other faculty); *id.* at 10 (discussing termination of other faculty). Given the possibility that Plaintiff may be able to present additional allegations to support her federal-law claims, the Court grants her leave to amend her complaint, as set forth below.

The Court advises Plaintiff that an amended complaint will completely replace her prior complaint in this action because "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998). Therefore, if Plaintiff files an amended complaint, it must include all of her allegations against Defendants, so that it may stand alone as the sole complaint in this action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 3) is GRANTED, insofar as Plaintiff's federal-law claims are DISMISSED. By December 22, 2023, Plaintiff may, if she wishes to do so, file an amended complaint. If Plaintiff does not file an amended complaint by that date, her federal-law claims will be dismissed with prejudice, her state-law claims will be dismissed without prejudice to refiling in state court, and the case will be closed.

IT IS SO ORDERED.

Dated: November 30, 2023
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York