UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

STACEY S. MIRINAVICIENE,

                           Plaintiff,                      23-CV-6233-FPG

v.

                                                                DECISION AND ORDER

KEUKA COLLEGE, et al.,

                           Defendants.
─────────────────────────────────────────

**INTRODUCTION**

On November 30, 2023, the Court dismissed *Pro se* Plaintiff Stacey S. Mirinaviciene's federal-law claims without prejudice and granted Plaintiff leave to file an amended complaint. ECF No. 21. Plaintiff filed an amended complaint, ECF No. 22, which Defendants[1] now move to dismiss. ECF No. 23. For the reasons that follow, Defendants' motion to dismiss is GRANTED to the extent discussed below.

**BACKGROUND**

The following facts are taken from the amended complaint, unless otherwise noted. Prior to her termination, Plaintiff was a tenured professor of accounting at Keuka College. ECF No. 22 at 2. At the time relevant to these events, Plaintiff was over forty years old and therefore protected under the Age Discrimination in Employment Act ("ADEA"). *Id.* at 1.

Plaintiff's overarching allegation is that Keuka College used the COVID-19 pandemic as a means to "oust tenured faculty and replace them with younger, less experienced and less expensive non-tenured and adjunct faculty." *Id.* at 3. On December 21, 2021, Keuka College instituted a "booster mandate," under which all faculty members were required to prove that they had received a "booster" shot against COVID-19 within thirty days. *Id.* Faculty and staff could

---

[1] Defendants are Keuka College and other individuals associated with, or employed by, the college. *See* ECF No. 22 at 2.

obtain religious and medical exemptions, and faculty who taught classes online were not subject to the mandate.

When Plaintiff learned of the mandate, she notified the college that, due to her medical conditions, she would first need to obtain a medical examination to confirm whether and which "booster" to take. *Id.* When Plaintiff could not obtain an appointment quickly, she requested an extension of the deadline, which Keuka College denied. On March 10, 2022, Keuka College terminated Plaintiff's employment, ostensibly due to her failure to comply with the vaccination policy. ECF No. 22 at 4. Plaintiff alleges that, in terminating her, Keuka College ignored her contractual rights to pre-termination due process. *Id.*

To show that Keuka College undertook these actions as a "pretext to remove [her] due to [her] age," Plaintiff relies on the following facts. ECF No. 22 at 4; *see also* ECF No. 25 at 7-8. First, Plaintiff was replaced by a "younger and untenured professor who ended up teaching mostly online[] and with a decreased teaching schedule." ECF No. 22 at 4. Second, Keuka College chose to terminate Plaintiff for violating the vaccination policy in lieu of an alternative accommodation, like "making all [Plaintiff's] classes online or giving her academic leave or sabbatical." ECF No. 25 at 7; *see also id.* at 8. Third, Plaintiff alleges that five other faculty members in her department, all of whom were "over forty years of age," were "terminated or harassed so much that they resigned." ECF No. 22 at 4. In addition, "several other similarly situated faculty throughout Keuka College [] were also terminated or forced out of employment." *Id.* As it stands, "there are currently no other older, tenured professors remaining in the Business Department of Keuka College." *Id.*

Plaintiff filed the present action in May 2023. ECF No. 1. In her original complaint, Plaintiff brought federal-law claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with

Disabilities Act of 1990 ("ADA").[2] ECF No. 1 at 1.  Plaintiff also brought several state-law claims, including for breach of contract, wrongful termination, and violation of the New York State Human Rights Law ("NYSHRL").

In its November 30, 2023 Decision & Order, the Court dismissed Plaintiff's federal-law claims and notified the parties that it intended to "decline to exercise supplemental jurisdiction over Plaintiff's state-law claims." ECF No. 21 at 11.  Before doing so, the Court permitted Plaintiff to file an amended complaint to support her federal-law claims.  *Id.*

In her amended complaint, Plaintiff raises one federal-law claim: violation of the ADEA.  ECF No. 22 at 5.  Plaintiff raises three state-law claims: two NYSHRL violations and a claim for breach of contract.  *Id.* at 5-6.  As with her original complaint, the Court's subject matter jurisdiction over this action is federal-question jurisdiction, along with supplemental jurisdiction over Plaintiff's state-law claims.  *See id.* at 1; ECF No. 21 at 9.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.  In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness."  *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

---

[2] In addition, Plaintiff raised a claim for violation of her due-process rights under the U.S. Constitution.  ECF No. 1 at 21-22.  Because Defendants are all private parties, that claim failed as a matter of law.  ECF No. 21 at 2 n.1.

3

**DISCUSSION**

Defendants request that the Court dismiss the ADEA and NYSHRL claims and decline to exercise supplemental jurisdiction over Plaintiff's breach of contract claim. ECF No. 23-2 at 16. The Court concludes that the ADEA claim must be dismissed and that supplemental jurisdiction should not be exercised over the state-law claims.

"To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was the 'but-for' cause of the adverse action." *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) (internal quotation marks omitted). "The plaintiff need not prove discrimination, or even allege facts establishing every element of a prima facie case of discrimination, but [] must plead facts that give plausible support to a minimal inference of the requisite discriminatory causality." *Id.* (internal quotation marks omitted). "More specifically, the plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the conceivable to the plausible." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has failed to plausibly allege that her age was a "but-for" cause of her termination. The Court has already rejected several of the allegations on which Plaintiff relies to show age discrimination. The Court may not consider Plaintiff's mere conclusory assertions— *e.g.*, that Keuka College used the pandemic to "oust tenured faculty"—on a motion to dismiss. *See Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 93 (S.D.N.Y. 2021) ("[M]ere conclusory statements . . . are not entitled to the presumption of truth and must be disregarded."); *see also* ECF No. 21 at 8-9. And for the reasons stated in the prior decision, neither Plaintiff's claim that she was replaced by a younger professor, nor her argument that termination was an unduly harsh

4

sanction in comparison to other alternatives, permits an inference of discriminatory causality. *Id.* at 8 & n.4, 9.

The only material addition to Plaintiff's amended complaint is her assertion that five older faculty members in her department, as well as other unnamed faculty in Keuka College, were "terminated," "harassed so much that they resigned," or otherwise "forced out of employment." ECF No. 22 at 4. Plaintiff relies on their experiences to argue that Keuka College had a "pattern and practice" of "systematically terminat[ing] older, tenured faculty." *Id.* These allegations do not support Plaintiff's ADEA claim.

This is because, as Defendants correctly argue, "Plaintiff provides no factual context for her conclusory assertion that these employees were subject to any discrimination or harassment based on their ages." ECF No. 23-2 at 12. Plaintiff does not describe any of the circumstances of the faculty members' terminations and/or harassment. *See* ECF No. 22 at 4. Without such allegations, Plaintiff's claim that such harassment, terminations, constructive discharges were the product of age discrimination—and therefore would permit the inference that *she* was terminated due to age—is conclusory and must be disregarded. *Accord Bernstein v. N.Y.C. Dep't of Educ.*, No. 21-2670, 2022 WL 1739609, at *2 (2d Cir. May 31, 2022) (summary order) (teacher failed to sufficiently allege that principal "targeted older non-Hispanic employees to leave the school," where he identified "ten employees who were allegedly targeted but fail[ed] to provide any information suggesting they were targeted because of age"); *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 32 (2d Cir. 2016) (summary order) (plaintiff failed to sufficiently allege that employer was seeking to replace older employees with "younger hires," where the amended complaint was "nearly bereft of any specific facts to support this conclusion," and noting that plaintiff only alleged "a single name and [] no dates, ages, or reasons with respect to the termination of other employees"); *Fitzgerald v. Signature Flight Support Corp.*, No. 13-CV-4026, 2014 WL 3887217,

at *4 (S.D.N.Y. Aug. 5, 2014) (on a motion to dismiss, disregarding "plaintiff's unelaborated allegation that [his manager] pushed out two other senior employees . . . by harassing them and causing them to resign" (internal quotation marks omitted)).

Because Plaintiff has failed to plausibly allege a "a minimal inference of the requisite discriminatory causality," *Downey*, 238 F. Supp. 3d at 519 (internal quotation marks omitted), Plaintiff's ADEA claim must be dismissed. Since Plaintiff has already had an opportunity to amend her complaint to further support her ADEA claim, the Court declines to grant Plaintiff another opportunity to amend, and her ADEA claim is dismissed with prejudice.

Therefore, the Court is again faced with the question of whether to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* ECF No. 21 at 9-11. For the reasons stated in the prior decision, the Court declines to exercise supplemental jurisdiction.[3] *See id.*

## CONCLUSION

Accordingly, Defendants' motion to dismiss (ECF No. 23) is GRANTED, insofar as Plaintiff's ADEA claim is DISMISSED WITH PREJUDICE. Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE to refiling in state court. The parties' motions for summary judgment (ECF Nos. 12, 14) are DENIED AS MOOT. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: April 10, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] Defendants argue that the Court should exercise supplemental jurisdiction over Plaintiff's NYSHRL claims because they "are parallel to her ADEA claim[] and are governed by the same legal standard." ECF No. 23-2 at 15. However, in 2019, "the New York State legislature amended the [the NYSHRL] so that the standards are now broader than similar protections under federal law." *Fitzgibbons v. Cnty. of Tompkins*, No. 21-CV-1019, 2023 WL 4467094, at *13 (N.D.N.Y. July 11, 2023). Neither party acknowledges the amendment or discusses what effect, if any, it may have on the Court's analysis of the NYSHRL claims. The Court will not undertake that task *sua sponte*. Because this matter will proceed to state court regardless (assuming Plaintiff chooses to renew her breach-of-contract claim in that forum), the Court concludes that the better course is to allow the state court to adjudicate the NYSHRL claims.